CUNNINGHAM et al. v. GAINES.
(No. 6747.)

(Court of Civil Appeals of Texas. Galveston. Feb. 22, 1915. On Motion for Rehearing, April 1, 1915.)

1. CORPORATIONS ☞121 — SALE OF STOCK — FRAUD—SALE BY AGENT — KNOWLEDGE OF VENDOR.

In a suit by a subscriber to stock to recover money paid on notes given for such stock and to enjoin defendants, vendors of such stock, from enforcing payment of the unpaid notes, the fact that such defendants had no knowledge that such money and notes of the plaintiff in their possession had been obtained by false representations made by their agent was no defense, unless defendants were purchasers for value without notice.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 285, 304–311, 342–348; Dec. Dig. ☞121.]

2. NEW TRIAL ☞124—MOTION — GROUNDS — SUFFICIENCY OF VERIFICATION.

In an action by the purchaser of stock to enjoin defendant vendors from enforcing purchase-money notes given therefor, defendants' motion for a new trial was properly refused, where it stated no meritorious defense to the action, was made so late in term that its granting would have necessitated a continuance, and where its verification by affidavit of the parties' attorney was insufficient, being merely to the effect that the attorney "believed the allegations in the above motion to be true."

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 250–253; Dec. Dig. ☞124.]

3. APPEAL AND ERROR ☞1072 — HARMLESS ERROR—PROCEEDINGS ON MOTION FOR NEW TRIAL.

Where the trial court errs in not permitting defendants to file amended motions for new trial, and in not considering such motions, defendants neither in such motions nor otherwise showing that plaintiff's demand was unjust as to the merits of the case, merely insisting that the evidence does not show certain facts, the error is immaterial so far as the action of the court in refusing a new trial is concerned.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4233½; Dec. Dig. ☞1072.]

Appeal from District Court, Matagorda County; Sam'l J. Styles, Judge.

Action by J. W. Gaines against W. W. Cunningham and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Carlton, Townes & Townes and R. E. Hardwicke, all of Beaumont, for appellants. Gaines & Corbett, of Bay City, for appellee.

LANE, J. Appellee, J. W. Gaines, instituted this suit in the district court of Matagorda county against W. W. Cunningham, W. B. Dunlap, and R. A. Greer, as trustees for the San Jacinto Life Insurance Company, and H. M. Hargrove, who is engaged in business under the name of H. M. Hargrove & Co. Appellee's petition was filed on the 4th day of March, 1913. He alleges therein that on or about the 5th day of April, 1911, H. M. Hargrove & Co. were engaged, through their representative, Chas. Clayton, in an effort to sell the capital stock of the San Jacinto Life Insurance Company, which was not at that time organized; that the said Chas. Clayton, as such representative, came to Bay City in Matagorda county, Tex., and there made false and fraudulent representations to appellee, with reference to the organization and sale of the stock of said insurance company, fully set out in his petition, which were relied upon by appellee, and which induced him to subscribe for $2,000 of the stock of said insurance company, and in payment therefor to execute, and he did execute and deliver to the said trustees Cunningham, Dunlap, and Greer his three promissory notes, one for $500, payable in 60 days, and two

for $750 each, payable September 1, 1911, and November 1, 1911, respectively, after their dates; that all of said notes were payable to the said trustees Cunningham, Dunlap, and Greer; that he paid said trustee the sum of $500 in payment of the first of said notes, through the Bay City Bank & Trust Company, and that said trustees are now in the possession of the same; that said two notes for $750 each were also delivered to said trustees, and that said trustees are now in possession of the same. Appellee also alleges that all of said representations made by the said Clayton were false; that said insurance company has never been organized; that he has never received any stock for his money and notes; and that the said trustees are endeavoring to collect the other notes still unpaid. He also alleged that H. M. Hargrove knew what representations had been made to him by Hargrove's said representative, Clayton, and that he thereafter by letter to appellee fully ratified said false statements made by the said Clayton to appellee, which induced him to part with his said money and notes. He then prays that the defendants be required to bring said unpaid notes into court, and that the same be surrendered and canceled, that he have judgment against each and all of the defendants for $500, with interest thereon from July 1, 1911, and that the defendants be restrained and enjoined from attempting to enforce payment of said unpaid notes, or either of them, and from attempting to, in any manner, impose any liability on appellee for costs of suit, etc. On the 31st day of May, 1913, all of the defendants filed their pleas of privilege to be sued in the county of Jefferson, where all of them resided. Appellants, defendants in the lower court, also filed their answer on the 31st day of May, 1913, which consisted of: (1) General demurrer; (2) general denial. The case was called and tried before the court without a jury on the 3d day of January, 1914. After hearing the evidence the court rendered judgment against each and all of the appellants for $500, with interest thereon from July 1, 1911, at the rate of 6 per cent. per annum, and perpetually enjoining them, and each of them, from attempting to enforce payment of the said two unpaid notes, and for cancellation of said notes, and for all costs of suit. On the 5th day of January appellants filed their motion for new trial, as follows:

"Now comes the defendants, W. W. Cunningham, W. B. Dunlap, and R. A. Greer, trustees of the San Jacinto Life Insurance Company, and H. M. Hargrove, doing business under the name of H. M. Hargrove & Co., and moves the court to set aside the judgment rendered against them, and each of them, in the above entitled and numbered cause on January 3, A. D. 1914, and grant them a new trial, for the following good and sufficient reasons, to wit: (1) The court erred in rendering judgment because the defendants, and each of them, had on file a plea to the venue of this court, wherein the defendants, and each of them, set out the fact that they, and each of them, live and reside in the county of Jefferson and state of Texas, and were so living in the county of Jefferson and state of Texas when the original petition in this cause was filed and citation was had upon them, and that they, nor either of them, lived in Matagorda county, Tex., at the time said suit was filed and citation was had upon them, and that they, nor either of them, were guilty of any act or conduct which would give the plaintiff jurisdiction over them at the time of the accrual of said cause of action, if any plaintiff had; (2) because said judgment so rendered by said court is contrary to the facts proven on the trial of said cause; (3) because the judgment rendered in said court in said cause is contrary to the law applicable to said cause."

It is shown by appellants' bill of exception that on the 22d day of January, one day before the court adjourned for the term, appellants Cunningham, Dunlap, and Greer presented to the trial court a request in writing to substitute the Texas Bank & Trust Company as defendant in their stead, reciting that since they had filed their answer they had resigned as trustees of the contemplated insurance company; that their resignation had been accepted by the district court of Jefferson county, Tex., which court, at their instance and at the instance of other subscribers to the capital stock of said proposed insurance company, appointed said Texas Bank & Trust Company of Beaumont as trustee for said insurance company, and that said Texas Bank & Trust Company had accepted such trust and had qualified as such trustee and was then acting as such. (Which said writing was not filed in the trial court.) The bill further recites that on the same day, January 22, 1914, the said Bank & Trust Company offered to file a motion for new trial, as follows:

"Comes now the Texas Bank & Trust Company of Beaumont, trustee, and files this its motion for new trial in the above cause and as grounds therefor says:

"First. That it has been substituted as trustee for the stockholders of the San Jacinto Life Insurance Company in the place of the original defendants, W. W. Cunningham, W. B. Dunlap, and R. A. Greer, trustees, such substitution being made by the district court of Jefferson county, Tex., in August 1913, and said bank in its capacity as trustee hereby enters its appearance in this cause and expresses its willingness to be bound by whatever judgment is rendered just as if it had been an original defendant instead of W. W. Cunningham, W. B. Dunlap, and R. A. Greer, trustees.

"Second. That said judgment is not supported by the evidence in the following particulars: (a) It is not shown that Chas. Clayton was authorized to make the representations claimed by plaintiff to be fraudulent, or that any of said trustees, or H. M. Hargrove, ratified, with notice, any misrepresentations. (b) It is not shown that any of said trustees received the sum of $500 paid by plaintiff, nor to whom said money was paid, nor where. (c) Because there is no evidence to show that Chas. Clayton was an agent of any of said trustees, or that said trustees ever adopted or ratified, with notice of misrepresentations, if any, the acts of Chas. Clayton. (d) Because the evidence is wholly insufficient to support the judgment rendered herein.

"Third. That said trustee, at the time it assumed the trust originally undertaken by W. W. Cunningham, W. B. Dunlap, and R. A. Greer, trustees, was informed that this cause had been settled and dismissed, and therefore

it did not file any answer nor take any further action concerning said cause, nor any further notice thereof, and said trustee shows that H. M. Hargrove, codefendant, besides making representations that said case had been settled, showed to it an agreement of settlement signed by plaintiff, under the terms of which the said plaintiff transferred to H. M. Hargrove all rights that he had under his subscription contract and was released of all liability thereunder, same being assumed by H. M. Hargrove.

"Fourth. Said trustee further says that it had no notice whatever of any failure on the part of the said Hargrove to carry out said agreement, or any other agreement, with plaintiff, and by reason thereof paid no further attention to this cause.

"Fifth. That this cause was called for trial, and without agreed setting or any special setting by the court, and was not tried nor called in its proper order on the docket of said court.

"Sixth. Said trustee further says that, even if the said Hargrove and plaintiff did not agree as to the dismissal of said suit except upon certain contingencies, said trustee was not, nor were the original trustees, informed of the failure of said Hargrove to carry out his part of the agreement which gave rise to the reinstatement of said cause and right to insist upon a trial of same by plaintiff, and said trustee was not, nor were the original trustees, notified by plaintiff of his election to cancel said agreement and continue the prosecution of this suit.

"Seventh. Said defendant trustee likewise says that any judgment against it would be unjust, in that it never received any money or thing of value from said plaintiff, nor is it, nor were the original trustees, bound by any misrepresentations made by H. M. Hargrove or his agents, and it is shown that by the terms of the subscription contract the plaintiff paid to H. M. Hargrove & Co., and not to the trustees, the sum of $500, and none of said trustees ever received any sum of money paid by plaintiff; and, further, that said trustees are not responsible for any acts of misrepresentations of defendant Hargrove or his agents, and their sole duty is the retention according to its trust agreement of such funds as may come into its hands belonging to subscribers to the stock of the San Jacinto Life Insurance Company.

"Wherefore, premises considered, the Texas Bank & Trust Company of Beaumont, Trustee, prays that the judgment heretofore entered against W. W. Cunningham, W. B. Dunlap and R. A. Greer, trustees, and H. M. Hargrove, be set aside and held for naught, and that a new trial be granted herein.

"Carlton, Townes & Townes,
"R. E. Hardwicke,
"Attorneys for Defendant.

"State of Texas.   County of Matagorda.

"Before me, the undersigned authority, on this day personally appeared R. E. Hardwicke, who being by me first duly sworn, deposes and says: That he is one of the attorneys for the defendants in the above styled and numbered cause, and that he believes the allegations in the above motion for new trial are true.

"R. E. Hardwicke.

"Sworn to and subscribed before me this 22d day of January, 1914.

"[Seal]                  Rowland Rugely,
"Notary Public, Matagorda County, Texas."

The bill also sets out the amended motion of appellant Hargrove, in every particular substantially the same as the foregoing motion of the Texas Bank & Trust Company. The court qualified the bill as follows:

"The above and foregoing bill of exception is approved with the following qualification: The action sought to be complained of is not properly set out in said bill of exception and, in explanation thereof, I will say that on the 22d day of January, one day before the adjournment of the term of the district court of Matagorda county, Tex., and 21 days after the rendition of judgment in the cause of Jno. W. Gaines v. W. W. Cunningham et al., No. 3237 on the docket of the district court of Matagorda county, state of Texas, R. E. Hardwicke, Esq., appeared before the court and asked leave to substitute the Texas Bank & Trust Company, trustee, as defendant in judgment in lieu of and instead of W. W. Cunningham, W. B. Dunlap and R. A. Greer, and on the same day and at the same time asked leave to file a motion for a new trial by the Texas Bank & Trust Company, trustee, no motion having ever theretofore been filed by the said Texas Bank & Trust Company, and further asked leave to file an amended motion by H. M. Hargrove and W. W. Cunningham et al., trustees, said motion or document being sworn to by R. E. Hardwicke, as one of the attorneys of record, said affidavit being insufficient to support an amended motion for new trial, the said original motion for new trial being wholly insufficient to raise any issue or to justify the granting of a new trial, I refused to permit the substituting of defendants or to permit the filing of the motion for new trial, because the issues raised could not be met at that time."

J. W. Gaines testified at the trial to the truth of the allegations of his petition, and especially to the fact that he paid $500 to appellants through the Bay City Bank & Trust Company; that he executed his two promissory notes for $750 each and said notes were made payable to and were in the possession of the said Cunningham, Dunlap, and Greer, and that said $500 so paid by him was also in their possession.

[1] Neither the answer of appellants, nor any assignment in either of the motions for new trial, show any meritorious defense to the allegations of appellee's petition, nor do they deny that appellants are in possession of the money and notes of appellee, which he alleges and testifies were obtained from him by fraud. That appellants had no knowledge that said money and notes of appellee in their possession, which were obtained by false representations made by Clayton, is no defense to appellee's suit to recover the money so obtained by them; there being no claim that appellants were in possession of said money and notes for value paid without notice of any outstanding equity in appellee. Under the pleading and evidence in this case, including all motions for new trial, we are unable to see how the recovery of the money paid by appellee, and the cancellation of the two promissory notes, could injure appellants unjustly.

[2] The first motion for new trial was not verified, nor does it set up any reason, legal or equitable, why the judgment should have been set aside. Although the judgment was rendered on the 3d day of January, 1914, and the amended motions for new trial were not filed until the 22d day of January, 1914, 21 days after judgment was entered, and only one day before adjournment of court, none of the appellants, who were informed as to the truth of the matters set out in said motion, made oath that such matters were true, but on the contrary, the motions were signed

by R. E. Hardwicke, attorney for appellants, who from the manner in which he sets out his assignments in said motion shows that he is not informed of the pertinent matters therein. This fact is further shown by the indefinite oath made by him in an attempt to verify the motions. In view of the fact that neither of the motions for new trial show that appellants have any meritorious defense to appellee's suit, that the pertinent assignments in said amended motions were not verified by any one pretending to be informed as to the truth of the matters therein set up, and that said amended motions were filed at such time and so late in the term of court as to cause a continuance of the cause, if granted, we do not think the trial court erred in refusing to consider the amended motions, and in overruling the original motion. In the case of Ginners' Mut. Underwriters v. Wiley & House, 147 S. W. page 631, the court says:

"The court did not err in refusing to grant a new trial on the ground of newly discovered evidence, tending to show that the premises were burned by the appellees. There is no affidavit attached to the motion for a new trial to support the allegation therein contained that they had discovered such evidence, and, in the absence of such an affidavit, this ground should not have been considered. Scranton v. Tilley, 16 Tex. 183."

In the case of Calyon v. State, 174 S. W. 591, recently decided by the Court of Criminal Appeals, Judge Prendergast says:

"The purported affidavit of Mr. King is simply and solely to the effect that: *'To the best of his knowledge, information, and belief,'* said jury, or some members thereof, *'commented upon* the failure of the defendant to testify in his own behalf, and upon his failure to place character witnesses upon the stand in his own behalf, and considered such failure to testify, and failure to place such witnesses on the stand, in arriving at their verdict in this case.' In our opinion this amounts to no affidavit at all. The bill clearly shows that Mr. King had no *knowledge* whatever about the supposed misconduct of the jury; that he did not give what his claimed *information* was, nor did he give who his informant was. Mr. Pillow, one of the appellant's attorneys, who claimed to have talked to one of the jurors, made no affidavit whatever. Neither did their client, the appellant, make any affidavit."

See Hicks v. State, 171 S. W. 755, and authorities there cited; 14 Ency. P. & P. 904; 12 Ency. P. & P. 557–559. In Dowell v. Winters, 20 Tex. 797, the court says:

"It is obvious that such applications ought not to prevail, where the effect would be to delay the trial, unless upon a good excuse for the default, *and the presentation of a meritorious defense.*"

[3] If it should be admitted that the trial court erred in not permitting appellants to file amended motions, and in not considering same, this, nor any other immaterial error of the court, should cause a reversal of this cause; and, as appellants do not in their amended motion, or otherwise, show that appellee's demand is unjust, but, with reference to the merits of the case, they only insist that the evidence adduced did not show certain facts, the assignments in the motions for new trial were insufficient to require the trial court to grant a new trial. The motions should have shown a meritorious defense.

There appearing no such error, if any, in the trial of this cause as would justify this court in reversing the judgment of the lower court, the same is affirmed.

Affirmed.

### On Motion for Rehearing.

On motion for rehearing appellants insist that the finding of this court that appellee Gaines testified "that he paid $500 to appellants through the Bay City Bank & Trust Company, that he executed his two promissory notes for $750, each, and said notes were made payable to and were in possession of the said Cunningham, Dunlap, and Greer, and that said $500 so paid by him was also in their possession," was not supported by the facts. On a closer examination of the statement of facts we find that we were in error in stating that Gaines had testified that the $500 was paid through the Bay City Bank & Trust Company. We do find, however, that he testified that the $500 was paid, and that *they* sent him a receipt therefor. He must have meant by the word "they" the trustees, appellants, as *they* were the parties sued and about whom he was speaking at the time, for, following the above expression he says:

"But on August 21, 1911, the trustees notified me that the first one of the notes which I had given, which was not to be paid at all until after the organization of the company, with accrued interest, was with the Gulf State Bank for collection."

And again he says:

"Notwithstanding the agreement on December 15, 1911, *they* again sent a note out for collection, and on the 16th I sent a copy of that letter to Mr. Hargrove, and asked him to please answer it himself, as I did not understand what it meant, in view of the correspondence and agreements we had just reached."

We think that the testimony of Gaines could have no other meaning than that he paid the $500, and that the trustees, Cunningham, Dunlap, and Greer, sent him a receipt for this payment; that said trustees were, on two occasions, taking steps to collect the two notes executed by Gaines, and that therefore said money and notes were in the possession of said trustees.

With this correction and explanation the motion for rehearing is overruled.

Overruled.