# NO. 12-12-00285-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *2008 MERCEDES-BENZ CLS550 (RESPONDENT: LATRICE WHITAKER, ROBERT WHITAKER), APPELLANTS* | *§* | *APPEAL FROM THE 114TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Latrice and Robert Whitaker appeal the trial court's default judgment forfeiting their interest in a 2008 Mercedes-Benz CLS550 motor vehicle. They raise three issues on appeal. We affirm.

### BACKGROUND

On May 9, 2012, the State filed a notice of seizure and intended forfeiture of a 2008 Mercedes-Benz CLS550 motor vehicle pursuant to Chapter 59 of the Texas Code of Criminal Procedure. The State alleged that the vehicle was contraband as defined by article 59.01 of the code of criminal procedure and subject to forfeiture because it was used or intended to be used in the commission of certain felonies, it was the proceeds gained from the commission of a felony identified in article 59.01, or it was acquired with proceeds gained from the commission of a felony identified in article 59.01.

The Whitakers did not respond to the State's notice, and the trial court signed a default judgment in favor of the State on July 9, 2012. On August 6, 2012, the trial court signed a judgment nunc pro tunc to correct the named agency entitled to the forfeited vehicle. The

Whitakers filed timely motions for new trial, which were ultimately denied. This appeal followed.

**MOTION FOR NEW TRIAL AFTER DEFAULT JUDGMENT**

In three separate issues, the Whitakers argue that the trial court erred in granting the State's motion for default judgment because Latrice is "an innocent owner," the vehicle "[i]s not contraband," forfeiture of the vehicle "violates the Excessive Fines Clause of the Eighth Amendment," and Robert was not convicted of a felony. The State contends that the trial court did not abuse its discretion by denying the Whitakers' motions for new trial.

## Applicable Law

Generally, a motion for new trial is not required before an appeal can be taken. *See* TEX. R. CIV. P. 324(a). But a motion for new trial is a prerequisite to a complaint on appeal regarding a trial court's failure to set aside a default judgment because evidence must be heard on the issue. *See* TEX. R. CIV. P. 324(b)(1); ***Dir., State Employees Workers' Compensation Div. v. Evans***, 889 S.W.2d 266, 268 (Tex. 1994); *see also* ***Barrett v. Westover Park Cmty. Ass'n, Inc.***, No. 01-10-01112-CV, 2012 WL 682342, at *2 (Tex. App.—Houston [1st Dist.] Mar. 1, 2012, no pet.) (mem. op.).

The rules governing motions for new trial do not explicitly require the filing of affidavits or verifications with the motion. *See* TEX. R. CIV. P. 320, 321; *see also* TEX. R. CIV. P. 327 (implying that affidavits are required when grounds for new trial are based on jury misconduct). But when a motion for new trial following the entry of a default judgment contains factual assertions outside the record, caselaw requires that it be supported by affidavit or other evidence. *See* ***Evans***, 889 S.W.2d at 268 ("It is sufficient that the affidavits are attached to the motion for new trial and are part of the record."); ***Ivy v. Carrell***, 407 S.W.2d 212, 214 (Tex. 1966). Otherwise, the trial court has no basis to grant a defendant's request for a new trial once a default judgment has been signed. *See, e.g.*, ***Sutherland v. Spencer***, 376 S.W.3d 752, 755 (Tex. 2012) ("[T]he critical question in any default judgment [is]: 'Why did the defendant not appear?'"). Thus, assertions of a meritorious defense must "allege facts that in law would constitute a defense and must support them by affidavits or other evidence proving prima facie the existence of such defense." 5 Roy W. McDonald & Elaine A. Carlson, *Texas Civil Practice* § 28:21 (2d ed.1999); *see also* ***Ivy***, 407 S.W.2d at 214.

We review a trial court's ruling on a motion for new trial for an abuse of discretion. *Evans*, 889 S.W.2d at 268. A default judgment should be set aside and a new trial granted if (1) the failure to answer was not intentional or the result of conscious indifference but was due to a mistake or accident, (2) the defendant sets up a meritorious defense, and (3) the motion is filed at such time that granting a new trial would not result in delay or otherwise injure the plaintiff. *In re R.R.*, 209 S.W.3d 112, 114-15 (Tex. 2006) (citing *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939)).

**Discussion**

On August 8, 2012, Latrice filed her original motion for new trial and Robert filed his amended motion for new trial. The motions alleged facts relating to the three elements of the *Craddock* test and contained verifications signed by their two attorneys that stated the following:

> I am the attorney of record for the Respondent . . . in the above and entitled cause; I have read the foregoing Respondent's . . . Motion for New Trial and state that every statement contained therein is true and correct to the best of my knowledge and belief.

The motions contained no other attachments or affidavits. The State objected to the attorneys' verifications during the hearing on the Whitakers' motions for new trial, contending that they were not based on personal knowledge.[1] Trial counsel argued that "the only thing that must be proven in the motion for new trial or an affidavit is concerned is the defense" because it was undisputed that there was "no service" on the Whitakers. Trial counsel did not call any witnesses during the hearing, and relied solely on their verifications to support the motions for new trial. The trial court struck the attorneys' verifications for lack of personal knowledge, and the Whitakers do not challenge that ruling on appeal.

The Whitakers assert in their motions for new trial that they have a meritorious defense to the forfeiture action, but their assertions are not supported by any evidence. *See* TEX. R. CIV. P. 324(b)(1); *Ivy*, 407 S.W.2d at 214. Therefore, the trial court did not abuse its discretion by denying their motions for new trial. *See Evans*, 889 S.W.2d at 268; *see also Cunningham v. Gaines*, 176 S.W. 148, 151 (Tex. Civ. App.—Galveston 1915, writ ref'd) (holding that trial court did not err in denying motion for new trial when no affidavit was attached to motion for new trial

---

[1] The State referred to the verifications as "affidavits," but the record shows that the parties and the court were referring to the two attorneys' verifications.

to support the allegations contained therein) (citations omitted).  Accordingly, we overrule the Whitakers' three issues on appeal. *See* TEX. R. APP. P. 47.1.

## DISPOSITION

Having overruled the Whitakers' three issues on appeal, we ***affirm*** the judgment of the trial court.

SAM GRIFFITH
Justice

Opinion delivered March 31, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 31, 2014**

**NO. 12-12-00285-CV**

**2008 MERCEDES-BENZ CLS550**
**(RESPONDENT: LATRICE WHITAKER, ROBERT WHITAKER),**
Appellants
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 12-1362-B)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellants, **LATRICE WHITAKER AND ROBERT WHITAKER,** for which execution may issue, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, and Hoyle, J.*