Carolan v. Jefferson.

ant objected, on the ground that the plaintiff, by taking the deposition of Cline, (containing the interrogatory and answer above stated,) had thereby made him his own witness, and could not be allowed to contradict him; this objection was sustained, and the evidence rejected; to which ruling the plaintiff excepted, and assigned the same for error.

*Jones & Petty*, for the appellant.

JOHN M. CAROLAN v. CHARLES E. JEFFERSON.

Evidence, if not more general than the petition, is admissible; although the petition might have been objectionable for generality, on special exception.

A bill of exceptions, although it purport to state all the evidence introduced on the trial, cannot be regarded as a statement of facts. The opposite party is not bound to see that it contains all the facts, or to agree to it; and has no control over it.

APPEAL from Bexar. Tried below before the Hon. Thomas J. Devine.

This was a suit by Charles E. Jefferson against John M. Carolan, for $253.72, due on account.

The plaintiff alleged in his petition, that the defendant was "justly indebted to him in the sum of $253.72, for work, labor

and services heretofore, to wit, during the year 1856, and the spring of 1857, done, performed, and rendered by your petitioner, for said defendant, at his own special instance and request."

The plaintiff, also attached to his petition, a bill of particulars, which was as follows, to wit:

"J. M. Carolan,
                To C. E. Jefferson, Dr.

| | | |
|---|---|---|
| "To amount of account rendered Sept., 1856, | | $224 87 |
| "By balance on order on Hewit & Newton, | $4 10 | |
| " county script sold, | 10 00 | |
| " cash $2.50, do. $2.00, | 4 50 | |
| " fees collected, due J. M. Carolan, | 2 25 | |
| | | 20 85 |
| | | $203 72 |
| "To services rendered at the Spring Term, | | |
| District Court, 1857, by him, | | 50 00 |
| | | $253 72 " |

The defendant did not except to the petition, but answered by a general denial, and the statute of limitations of two years.

A jury was waived, and the cause submitted to the judge, who gave judgment in favor of the plaintiff for $251.22; the plaintiff having in an amendment to his petition, admitted a further credit, in favor of defendant, of $2.50.

On the trial of the cause, the defendant took the following bill of exception, to wit, "Be it remembered, that on the trial of the above entitled cause, the plaintiff offered evidence, to prove the following facts, viz : That plaintiff acted as deputy district clerk, of Bexar county, from the 18th day of February, 1856, to the —— day of September, 1856. That he was a faithful and competent clerk, and that his services were worth from seventy-five to one hundred dollars per month, during the time, and that he served twelve days during the Spring Term of the court, 1857, and that his services were worth, from three

to five dollars per day for said service; which was all the evidence in the case; and to all which defendant, by counsel, objected, for the reason that such evidence was not admissible, under the plaintiff's pleadings."

This bill of exception, was signed in the usual form, by the presiding judge, but there was nothing in the record, to indicate that the plaintiff recognised it in any manner, as intended also to serve as a statement of facts.

*Hewitt & Newton,* for the appellant.

ROBERTS, J.—The judgment must be sustained. The evidence was admissible, not being more general than the allegations of the petition. The proper objection would have been directed to the petition, by a special exception for generality.

The objection, that facts do not sustain the verdict, because it was not proven, that Carolan was clerk of the District Court, is not tenable. The bill of exceptions, assumes to state all of the facts; but being only a bill of exceptions, the parties were not required to agree to it in the first instance, and the appellee was not bound to see that the facts were stated, except so far as might be necessary, to present the objection to the evidence; and indeed he had no control over it. He should not, therefore, be bound by it, as a statement of facts.

Judgment affirmed.