Bell, J.
—We are of opinion that there is error in the judgment, for which it must be reversed. The evidence shows that, at the time of the contract for the sale of the land by Ewell to Austin and Weatherby all the contracting parties supposed that the house in which Ewell lived was on the land sold to Austin and Weatherby. The evidence also shows that Austin and Weatherby refused to pay the second note given by them for the land, unless a deduction was made from the note equal to the value of the house, which, it had been ascertained, was not on the land sold to them. This deduction Ewell refused to make, and directed the institution of suit on the note, in the State of Maryland. It is true, that the evidence shows, also, that before *407 the institution of the suit in Bexar county by Ewell, and during the pendency of that suit, Ewell offered to make a deduction of $100 from the note, as the value of the house, and Austin and Weatherby refused to settle on those terms. These facts, taken together, do not present a case in which the vendor of land is permitted to put an end to the contract of sale, to retain the part of the price which has been paid, and to resell the land. The case here presented is one in which the vendor is the party who first places himself in the wrong. When it was ascertained that the house, which was supposed to he on the land conveyed, was not in fact on the land, it was the duty of the vendor to have allowed the proper deduction from the purchase-money which remained to be paid. His refusal to do this placed him in the wrong. Hor did his subsequent offer to allow a deduction from the note of $100 on account of the house, and the refusal of Austin and Weatherby to settle on those terms, authorize Ewell to dismiss his suit, declare a forfeiture of the contract, and resell the land; because Austin and Weatherby were entitled to the judgment of the proper court, upon the question of the amount of the deduction from the note which they had a right to claim.
It is shown that Edmondson, the last purchaser from Ewell, had a full knowledge of all the facts of the case when he purchased. He is not, therefore, in a position to claim the protection of the court; nor does his connection with the matters involved in the suit affect in any manner the rights- of the appellant.
We are of opinion that,- upon the facts presented in the record, the appellant,- Austin, was entitled to the relief claimed in his petition. The original contract of sale by Ewell to Austin and Weatherby ought to have been enforced, the proper deduction being made from tbe purchase-money on account of the house in which Ewell lived at the time of the sale.
*408 The judgment of the court below is reversed and the cause remanded for further proceedings, in conformity with this opinion.
Reversed and remanded.