SCRIVNER & PALMIE v. FREDERICK J. MALONE.

Where the judgment was by default, it is no ground for a new trial that the attorney spoken to by the defendant had failed to put in a defense, unless it also appear that the plaintiff had in some way caused this neglect of duty.

ERROR from De Witt. The case was tried before Hon. J. J. HOLT, one of the district judges.

The suit was upon a note for ninety beeves, on which were several credits, acknowledged in the petition, and also for a note of $300, coin, alleged to be given in consideration of one of the credits. The defendants having made default, there was a judgment by default and writ of

inquiry; and before the execution of the writ the defendant made a showing that he had spoken to counsel to defend, and asked to set the default aside; but the jury proceeded and assessed the damages. The defendants moved for a new trial, and filed an affidavit of meritorious defense; but at last it was a statement that the verdict was for $40 too much. As the $300 was for coin, or "the equivalent in paper currency," and the verdict on this was for only "$300," it may have been for too little. The court refused the motion, and the defendants prosecuted error.

*Samuel C. Lackey,* for plaintiff in error.—I. The motion of defendants to set aside the judgment by default should have prevailed in the court below. They showed a sufficient reason for not filing their answer before the judgment by default was taken against them, and also showed, under oath, that they had a meritorious defense, and that they were ready to proceed with the trial, their witnesses being present. They sought no delay. (Donnell v. Winters, 20 Tex., 797.)

II. Upon the petition the verdict was excessive.

III. The obligation sued upon, of date 12th June, 1866, is not such a written contract as ascertains the sum due, and that therefore it is not such an obligation as carries interest after maturity. (Paschal's Dig., Art. 3740; O. & W. Dig., Art. 1026.)

The obligation sued upon was a written promise by the defendants to deliver to the plaintiff ninety beeves. The value of the beeves is not fixed by the written instrument. Their value could be ascertained only by evidence *aliunde.* If the obligation sued upon carried interest at all, it is respectfully submitted that it could only carry interest after the 1st of January, 1867. But as it is not an "open account," and as it is not such a written contract as ascertains the sum, it is believed that it carries no interest whatever. The statute allows interest only upon "open

accounts" and upon written contracts ascertaining the sum due.

No brief for the defendant in error has been furnished to the *Reporter*.

MORRILL, C. J.—The plaintiff below obtained judgment upon an instrument in writing by default.

The defendant requested the judgment to be set aside, because he had engaged an attorney at law to defend the cause, and the attorney neglected his duty.

If it had appeared that the plaintiff was directly or indirectly implicated in causing the attorney so selected to violate his obligation, we should be bound to set aside the judgment.

But as the plaintiff should not be delayed in consequence of the default of the defendant or his agent, the judgment must be affirmed. It would be a precedent pregnant with mischief, delay, and injustice to suitors in court, if a judgment should be set aside for causes like the one under consideration.

If the attorney has neglected his duty, the defendant has recourse against him. The judgment is

AFFIRMED.