## ST. LOUIS, S. F. & T. RY. CO. v. CARTER.[*]
### (No. 3087.)

(Court of Civil Appeals of Texas. Texarkana. June 11, 1925. Rehearing Denied June 25, 1925.)

**1. Appeal and error ⬤═1002—Findings, though contrary to defendant's testimony, not reviewable.**

Findings, though contrary to testimony of appellant, may not be reviewed, if fully sustained by testimony of appellee.

**2. Evidence ⬤═314(5)—Testimony that physician advised employé injured in service of railway company to go to company hospital, where hospital and doctor's fees were paid by company, for operation held not improper as hearsay.**

In action by employé against railway company to recover damages for personal injuries, testimony of employé that physician he asked to treat him for his injuries advised him to go to company's hospital, where hospital and doctor's fees were paid by company, for operation *held* not improper as hearsay.

**3. Evidence ⬤═477(2)—Testimony of wife as to husband's condition of health before and after injury held proper.**

Testimony of wife, in personal injury action, that before accident in which husband was injured he appeared to be very healthy, and that after the injury appeared to suffer pain frequently, and great pain at times, *held* proper.

**4. Appeal and error ⬤═1170(6)—Refusal to require employé to demonstrate use of machine alleged to have caused injury held not reversible error.**

In personal injury action, refusal to require plaintiff, as requested by defendant, to demonstrate before jury manner in which he was injured by motor alleged to have caused the injury *held* not reversible error in view of rule 62a, where there was no showing that demonstration, if made, would have been favorable to defendant's case.

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed October 5, 1925.

5. **Trial ⬅️132—Argument of counsel held not improper, when jury was requested by counsel not to consider what he said, if recollection of testimony did not accord with his.**

In action against employer for personal injuries, comment of employé's attorney on failure of defendant to call man as a witness, who assisted plaintiff in his work, *held* not improper, when attorney requested jury not to consider what he had said if their recollection of the testimony did not accord with his.

6. **New trial ⬅️102(1)—New trial because of newly discovered evidence properly denied, where proper diligence not shown.**

New trial for newly discovered evidence *held* not improperly denied, where there was no showing that defendant used proper diligence to discover testimony before conclusion of trial.

7. **Appeal and error ⬅️719(10)—Overruling motion for new trial not considered in absence of assignment of error.**

Overruling motion for new trial may not be reviewed, where there is no assignment of error directed thereto.

Appeal from District Court, Grayson County; Silas Hare, Judge.

Action by W. R. Carter against the St. Louis, San Francisco & Texas Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

August 16, 1923, appellee, employed by appellant as a "boiler maker's helper," suffered injury to his person when struck by the lever of an air motor he and one Shelley, a boiler maker, were using in "tapping out stay bolts" in a locomotive engine. On the theory that the accident was due to actionable negligence on the part of Shelley, appellee commenced and prosecuted this suit to the judgment for $4,250 in his favor.

The negligence charged against Shelley was his act in turning air on the motor and starting same without waiting as he should have done, it was alleged, until directed by appellee to do so. In its answer appellant denied that Shelley was guilty of negligence as charged against him, and alleged that the injury to appellee was "the result of an accident" or of a risk he assumed, and that appellee was guilty of contributory negligence in ways specified. On special issues submitted to them the jury found as follows: (1) On the occasion in question Shelley, without notice to appellee, put on the power and started the motor, causing the handles thereof to revolve suddenly and thereby injure appellee; (2) Shelley was guilty of negligence in starting the motor as he did; (3) such negligence was a proximate cause of the injury to appellee; (4) the injury to appellee was not the result of a risk he assumed, nor of an accident; (5) appellee was not guilty of contributory negligence on the

occasion in question; (6) $4,250 would compensate him for injury he suffered.

W. F. Evans, of St. Louis, Mo., Goree, Odell & Allen, of Fort Worth, and Freeman, McReynolds & Hay, of Sherman, for appellant.

Randell & Randell, of Sherman, and Ocie Speer, of Fort Worth, for appellee.

WILLSON, C. J. (after stating the facts as above). We have considered all of the many contentions presented in appellant's brief, and think none of them should be sustained.

[1] While untenable objections were urged in the court below, and are urged here to the form of issues submitted to the jury, it is not claimed that the findings on the issues did not warrant the judgment rendered. The contention is that the findings were contrary to and not supported by the testimony. It is true, perhaps, that the findings, or some of them at least, were contrary to testimony appellant relied upon, but we think all of them were in harmony with, and sufficiently supported by, testimony appellee relied upon, and which the jury had a right to believe.

[2, 3] Over appellant's objection on the ground that it was hearsay, the court permitted appellee, as a witness, to testify that the physician (Dr. Swofford) he asked to treat him after he was injured reminded him that he was "a Frisco man," and had his "hospital and doctor's fees paid at the Frisco Hospital," and then advised him to go to that hospital "and have an operation." The testimony plainly, we think, was not subject to the objection urged to it. And as plainly, we think, the court below did not err when, over appellant's objection, on the ground that it was "the opinion and conclusion of a nonexpert witness," he permitted appellee's wife to testify that appellee "appeared to be very healthy" when she married him (about a year before the accident occurred), and that he "appeared to suffer pain frequently," and "great pain at time," after he sustained the injury complained of. The rule is that "a nonexpert witness may give his opinion on questions of apparent conditions of body or mind, sickness, health," etc. Cunningham v. Neal, 49 Tex. Civ. App. 613, 109 S. W. 455.

[4] It appears from a bill of exceptions in the record that at the trial appellant had a motor in court similar to the one appellee was using at the time he was injured, and, while appellee was testifying as a witness, asked him to take the motor and "illustrate the appliance" and "show the work he was doing" and the "manner in which he was doing it" at the time of the accident. The court sustained an objection interposed by appellee's counsel, and appellant complains thereof and of the refusal of the court to require appellee to make the demonstration it asked him to make. We will not undertake to

determine whether the ruling of the court was erroneous or not, for, if it was, we think the error should be treated as harmless, in view of rule 62a for the government of Courts of Civil Appeals. It does not appear in the record whether the demonstration, had it been made, would have been favorable to appellant's side of the case or to appellee's, and hence we cannot say that the error, if it was one, "amounted (as, under the rule, it must to authorize a reversal of the judgment) to such a denial of the rights of the appellant as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment in the case."

[5] In closing the argument in the case appellee's attorney commented on the failure of appellant to have a man named Red (who assisted appellee in work he did on the engine) to testify, and in the comment asserted the testimony showed that Red was still an employé of appellant, and was then present in court. Appellant objected to the argument, insisting the testimony did not show either that Red was working with appellee at the time he was injured or that he (Red) was still an employé of appellant at the time of the trial, or that he was present in court at that time. There was no testimony showing whether Red was an employé of appellant, or whether he was in court, at the time of the trial or not, but we are not prepared to say there was none showing Red to have been present when the accident occurred. The testimony of appellee as a witness as to that is not clear. It might be construed as meaning either that Red was or was not present then. It appears from the bill of exceptions that the comment of the attorney was predicated on the testimony as he understood it, and that he requested the jury not to consider what he had said, if their recollection of the testimony did not accord with his. In view of such request it is not likely appellant's rights were prejudiced by the argument objected to, and we think it should be treated as harmless so far as it was improper.

[6, 7] The contention of appellant that it was entitled to a new trial of the case because of evidence it discovered after the trial was over was based on the affidavit of one of its attorneys that "since the verdict of the jury has been rendered defendant has received information, in substance, to the effect that plaintiff's wife now is, and at the time of the trial of said case was, pregnant, and is about four months advanced in pregnancy, and defendant charges upon information and belief that such is a fact." The theory as to the materiality of the alleged newly discovered evidence was that it would contradict testimony given by appellee as a witness in the case as to the consequences to him of the injury he suffered. But it would

not, as we understand the testimony of appellee to which appellant refers. However, if it appeared in the record in a proper way, and it does not appear in any way, that appellant could make such proof on another trial, and that it would contradict evidence appellee gave as a witness, we would overrule the contention on the ground, if none other, that it did not appear that appellant had used proper diligence to discover the testimony before the conclusion of the trial. What we have said was on the assumption that it appeared that appellant, in some way authorized by law, had invoked the power of this court to act in the matter. But it has not. There is no assignment in appellant's brief complaining of the action of the court below in overruling the motion for a new trial, and the matter as to the alleged newly discovered evidence was not presented to that court in any other way than as a ground for that motion.

There is no error in the judgment, and it is affirmed.