### ST. PAUL FIRE & MARINE INS. CO. v. EARNEST et al. (No. 2781.) *

Court of Civil Appeals of Texas. Amarillo. March 2, 1927.

Rehearing Denied April 6, 1927.

**1. Appeal and error ⬅⟶551—Bill of exception cannot supply statement of facts.**

A bill of exception cannot supply statement of facts, however full its recital of facts may be.

**2. Appeal and error ⬅⟶907(3)—In absence of statement of facts, appellate court must presume that there was sufficient evidence to sustain trial court's finding.**

In absence of statement of facts, on appeal from refusal to set aside judgment by default, Court of Civil Appeals had to presume that upon sufficient evidence court found that defendant and its attorney had been guilty of inexcusable negligence in failing to file its answer in time, and that evidence did not show that defendant had meritorious defense to warrant setting aside judgment by default.

**3. Judgment ⬅⟶143(2)—To set aside judgment by default, defendant must have good excuse for not answering, and meritorious defense.**

In order to set aside judgment by default, it must appear that defendant had good excuse for not answering or making defense on trial, and that he had meritorious defense.

**4. Judgment ⬅⟶145(4)—Facts held not to show that defendant had meritorious defense warranting setting aside judgment by default.**

Facts shown in motion for new trial *held* not to show meritorious defense warranting setting aside of judgment by default.

**5. Appeal and error ⬅⟶745—Notwithstanding motion for new trial was filed, where sole proposition in brief assigning error was not filed in trial court, it requires no consideration (Rev. St. 1925, art. 1844).**

Under Rev. St. 1925, art. 1844, relating to filing assignments of error with clerk of trial court, notwithstanding motion for new trial was filed, where sole proposition in brief assigning error was not filed in trial court, it was insufficient to require consideration by appellate court.

**6. Appeal and error ⬅⟶742(7)—Where proposition assigning error was addressed to part of motion for new trial, other grounds in motion were abandoned.**

Where proposition in brief assigning error was addressed only to part of motion for new trial relating to question of diligence and failure of defendant's attorney to file answer, there was an abandonment on appeal of all other grounds set up in motion.

**7. Appeal and error ⬅⟶719(10)—Unless appellant insists by proper assignments that court erred in overruling grounds in motion for new trial, issues are not before appellate court for review, in absence of fundamental error.**

Although grounds urged in motion for new trial in lower court may be meritorious, unless appellant insists in appellate court by proper assignments and propositions based thereon that court erred in overruling them, issues are not before appellate court for review, and must be considered as abandoned unless they present fundamental error.

**8. Insurance ⬅⟶629(1)—Allegation that defendant was private corporation doing business in Lubbock county, Tex., insuring property held to sufficiently allege corporate status and transaction of business in state.**

Allegation that defendant was private corporation doing business in Lubbock county, Tex., insuring property against loss or damage by fire, *held* to sufficiently allege defendant's corporate status, and that it was conducting fire insurance agency in state and doing business therein.

**9. Insurance ⬅⟶645(2)—No proof was necessary of agency of one alleged to be local agent of corporation on whom service could be had.**

Where petition against insurance corporation alleged that M., residing in Lubbock county, was local agent of defendant upon whom service could be had, no proof bearing upon issue of M.'s agency was necessary.

**10. Appeal and error ⬅⟶934(3)—Where judgment by default recites that court heard evidence, appellate court must presume that all material facts necessary to sustain judgment were proven.**

Where judgment by default recited that court heard evidence, appellate court had to presume that all material facts necessary to sustain judgment were proven.

**11. Process ⬅⟶34—Plaintiff's petition need not be attached to citation served upon one in county where trial is held.**

Plaintiff's petition in suit did not have to be attached to citation, where it was shown by sheriff's return that defendant's agent was served in L. county.

**12. Process ⬅⟶26, 27—Citation, naming court and county, held sufficient as against attack that it did not show defendant where to appear and make answer (Const. art. 5, § 12).**

Citation complying with Const. art. 5, § 12, providing that style of all writs and process shall be, "The State of Texas," and command-

---

⬅⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Judgment affirmed 295 S. W. —.

ing sheriff to summon defendant by serving its agent to appear before district court of L. county, to be held in city of L., *held* sufficient as against attack that it did not command defendant where to appear and make answer, and did not state that suit was pending in district court of L. county.

**13. Evidence ☞25(1)—Courts take judicial notice that city of Lubbock is county seat of Lubbock county in state of Texas.**

Courts take judicial notice that the city of Lubbock is the county seat of Lubbock county in the state of Texas.

**14. Process ☞27—Failure of citation to state that city of Lubbock, Lubbock county, was in state of Texas, held immaterial.**

Failure of citation to state that city of Lubbock, Lubbock county, where court would be held, was in state of Texas, *held* immaterial.

### On Motion for Rehearing.

**15. Judgment ☞143(12)—That failure to file answer was due to an "inadvertence" was not ground for setting aside judgment by default.**

That failure to file answer in cause was due to an "inadvertence", was not ground for setting aside judgment by default; "inadvertence" meaning inattention, neglect.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Inadvertence.]

**16. Principal and agent ☞159(1)—Negligence of attorney's clerk was attorney's negligence.**

Negligence of attorney's clerk was negligence of attorney.

**17. Judgment ☞143(14)—Attorney's absence during which time citation reached his office did not excuse defendant for failure to file answer.**

Defendant's attorney's absence from his office during which time citation reached his office did not excuse defendant for failure to file formal answer in suit wherein judgment was rendered by default.

**18. Judgment ☞143(12)—Failure of defendant's attorney under circumstances to have answer filed until afternoon of day following appearance date showed lack of diligence.**

Where member of law firm representing defendant was absent when citation was received several weeks before appearance date, failure of attorneys under circumstances to wire local attorneys at city where court was held until afternoon of day following appearance date, to file formal answer showed lack of diligence, so that judgment by default could not be set aside.

**19. Appeal and error ☞933(1)—Every reasonable presumption is indulged in support of court's ruling on motion for new trial.**

Since granting motion for new trial is largely within lower court's discretion, every reasonable presumption must be indulged by appellate court in support of ruling on such motions.

**20. Judgment ☞143(10)—Mistake of attorney, unaccompanied by fraud, accident, or improper conduct of opposite side, is not ground for setting aside judgment by default.**

Mistakes of one's counsel, unaccompanied by fraud, accident, or improper conduct of opposite side, unmixed with fraud or negligence on his part, is not ground for setting aside judgment by default.

**21. Judgment ☞138(2)—Overruling motion to set aside judgment by default against insurer on ground that buildings were purposely destroyed by fire held proper, where insurer had not investigated fire.**

Where building had burned more than four months prior to filing of motion to set aside judgment by default against insurer and grant new trial on ground that insured buildings were purposely destroyed by fire, insurer's failure to investigate facts as to destruction of building showed negligence and want of diligence authorizing overruling of motion.

**22. Appeal and error ☞935(2)—Where defendant, having ample time to do so, failed to secure information supporting charge against plaintiffs made ground for setting aside judgment by default, appellate court must presume charge was not sincerely made.**

Where insurer against whom judgment on insurance policy had been rendered by default claimed as ground for setting aside judgment that buildings had been purposely destroyed and, having ample time to do so, failed to secure information to support charge, appellate court must presume that charge was not sincerely made.

**23. New trial ☞124(2)—Where facts relied upon as ground for new trial are not within personal knowledge of affiant, names of witnesses who can prove them should be set out.**

On motion for new trial, facts relied upon as grounds for new trial should be stated specifically, and if facts are not within personal knowledge of affiant, names and residences of witnesses by whom he expects to prove them should be set out.

**24. New trial ☞150(1)—Affidavits should accompany motion if practicable.**

If practicable, affidavits of witnesses setting out facts to which they will testify should accompany motion for new trial.

**25. New trial ☞150(2)—On motion for new trial, it must reasonably appear that proof of facts relied upon will be made upon another trial.**

On motion for new trial, it must reasonably appear that proof of facts relied upon as ground for new trial will be made upon another trial, and it should also reasonably appear that they are true and that affiant believes them to be true.

**26. New trial ☞140(1)—Verification of motion for new trial held insufficient, where affidavit with reference to one paragraph recited that matters therein "are charged on credible information and belief."**

Verification of motion for new trial *held* insufficient, in that affidavit with reference to por-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tion of motion recited "matters stated in paragraph 5 * * * are charged on credible information amd belief therein."

**27. Affidavits ⚬⟹17—Affidavit is wholly defective unless perjury can be assigned upon it if untrue.**

.An affidavit is wholly defective unless perjury can be assigned upon it if untrue.

**28. Exceptions, bill of ⚬⟹46—Statute relating to submitting bill of exceptions to adverse party held 'to apply to proceedings during trial of case (Rev. St. 1925, art. 2237, subd. 6).**

Rev. St. 1925, art. 2237, subd. 6, providing that judge shall submit bill of exceptions to adverse party or his counsel if in attendance on court, and, if found to be correct, he shall sign and file it, *held* to apply to proceedings during trial of case.

**29. Exceptions, bill of ⚬⟹46—Validity of bill of exception does not depend upon approval of opposing counsel.**

Validity of bill of exception does not necessarily depend upon approval of opposing counsel, since court may approve and order it filed even over objection of opposing counsel.

Appeal . from District Court, Lubbock County; Clark M. Mullican, Judge.

Suit by Mrs. W. E. Earnest and husband against the St. Paul Fire & Marine Insurance Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

Senter & Strong, of Dallas, and Chas. Crenshaw, of Lubbock, for appellant.

Lockhart & Garrard, of Lubbock, for appellees.

HALL, C. J. The appellees filed this suit in the district court of Lubbock county July 20, 1926, against appellant insurance company to recover on a policy of fire insurance issued in the sum of $2,500, covering a house described in the policy. Citation was issued upon the petition and served upon J. E. Murfee, the agent of appellant, on July 21, 1926, returnable to the next regular term of said court, to be held on the 16th day of August, 1926. The petition alleged that the house was destroyed by fire on March 18, 1926, and proof of loss duly made. Court convened on the third Monday of August, being the 16th' day of said month, and on the morning of the 18th of August, there being no answer filed by the appellant judgment by default was entered for the full amount sued for. On the afternoon of the 18th day of August, an answer consisting of general demurrer and general denial was filed by the appellant. On the 19th of August original motion for new trial was filed, and on the 2d day of September thereafter appellant filed his first ' amended motion for new trial, praying that the judgment by default be set aside. The amended motion for new trial,

omitting the formal parts, alleges in substance as follows:

(1) That the judgment by default was taken during the forenoon of August 18th (the third day of the term), and defendant's answer was filed on the afternoon of the same day.

(2) That the plaintiffs' petition alleges that the defendant is a corporation, but does not allege that it was duly incorporated in accordance with the laws of Texas, or any other state, and does not allege that the defendant is conducting a fire insurance business in Texas, either lawfully or unlawfully, or was so doing at the time the policy was issued.

(3) That the defendant's business in and for the state of Texas is managed by its general agents at Houston, who received through the mails what purported to be a citation served upon Murfee at Lubbock. That in the citation Murfee is said to be the agent for the corporation. That no copy of the petition was attached to the citation. That said citation was received by the general agents on or about the 25th day of July, about five days after the date thereof. That it does not appear from the citation that Murfee is the local agent of the company in and for Lubbock county, nor is the defendant commanded to appear and make answer to the petition at any point or city which said citation names in the state of Texas, nor is there any fact or statement in the body of the citation declaring that the suit is pending in the district court of Lubbock county.

(4) That after the fire appellant's general agents were endeavoring to get a full report on the loss and the statement of the material facts relating thereto, but at the time of the issuance of the citation had not secured said report. That immediately upon receipt of the citation, said agents forwarded same to their attorney at Dallas, asking that answer be made thereto. That E. G. Senter, a member of the firm of Senter, Strong & Young, employed by said general agents to give attention to the business appertaining thereto, was not in Dallas at the time his said firm received the citation, and did not return to his office until several days thereafter. That the citation was misplaced in the office of Senter's firm by a clerk therein, and was not brought to the attention of the said Senter until after default judgment was rendered therein. That Senter was still absent from his office on the return date mentioned in the citation, and that it was by accident discovered by a clerk in said office upon said date that said citation had been misplaced and not brought to the attention of the said Senter and had not been given attention. Thereupon a telegram was sent from said office to Bledsoe & Crenshaw, at-

⚬⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

torneys of Lubbock, requesting them to file a formal answer, which was done by them.

(5) That defendant had a meritorious defense in that policy contains the following provision material to the risk and the contract:

"This entire policy shall be void if the insured has concealed or misrepresented in writing, or otherwise, any material fact or circumstances concerning this insurance, or the subject thereof, or if the interest of the insured in the property be not truly stated herein, or in case of any fraud or false swearing by the insured touching any matter relating to this insurance, or the subject thereof, whether before or after loss."

The motion further states, in substance: That the policy was issued to plaintiffs by W. E. Dumas, defendant's agent at Plains, Tex. That prior to March 8, 1926, and on the 15th of January, 1926, plaintiffs had allowed insurance to lapse on said premises. That the fire which resulted in the loss complained of in plaintiffs' petition occurred at 1 o'clock in the morning of March 18, 1926, just ten days after the issuance of the policy sued upon. That defendant is advised and avers upon credible information that the officers of Yoakum county, Tex., immediately after the fire, discovered facts and circumstances which indicated that the building described in the policy sued on was deliberately and willfully burned. That since the fire indictments had been returned by the grand jury of Yoakum county against two persons named in said indictments, charging them with having willfully burned said property. That the facts and circumstances discovered by said officers of Yoakum county, Tex., tend to show that said fire was caused or procured by some one acting in collusion with W. E. Earnest, husband of the plaintiff Mrs. W. E. Earnest, and that the plaintiff Mrs. W. E. Earnest is lawfully chargeable with responsibility therefor. That this defendant is without knowledge which would authorize it to make the charge that the plaintiffs are chargeable with the destruction of said property. That it relies upon information furnished to it by the officers of Yoakum county for the statement of facts herein made. That it is reported to defendant that there are facts and circumstances which show, or tend to show, that the plaintiffs, or one of them, are responsible for the destruction of said property. That a full, fair, and impartial investigation should be made of such reports. That defendant has not had time or an opportunity to make such investigation. That it does not desire to do an injustice to the plaintiffs, or either of them, but merely seeks an opportunity to ascertain the facts and present the same in court if there are facts and circumstances which tend to show that the plaintiffs, or either of them, are responsible for the destruction of said property.

(6) That defendant shows that if after a full and fair investigation of the facts it shall be disclosed that there is no reasonable ground for believing that plaintiffs, or either of them, are responsible for the destruction of said property, then it is the desire of this defendant to pay off and discharge the amount of the claim as asserted by the plaintiffs in their petition.

(7) Defendant shows that it is advised and believes and avers that no evidence was introduced in the trial of this cause to sustain either of the material allegations therein; that the only evidence which was offered was the policy sued upon; that no evidence was offered to show that the person served as agent was in fact the agent, or the local agent, of the company; that no evidence was offered to show that the St. Paul Fire & Marine Insurance Company is a corporation or that it is duly incorporated, or that it was and is authorized to transact business in the state of Texas; that no evidence of any kind or character was offered at the time default judgment was taken herein except that the policy of insurance was produced and exhibited in court, and it was shown that the property had been burned.

(8) Defendant shows that it is not and never has been a resident of Lubbock county, and that it never has had its domicile or office in said county. The prayer is that the judgment by default be set aside and a new trial granted, and for such other and further relief, general and special, legal and equitable, as the facts shown on the hearing of this motion shall authorize or require in law or in equity.

The motion is verified by E. G. Senter, who states:

"That he is one of the attorneys of record of the defendant above named, and that the matters and things set out in the foregoing motion for new trial are true within the knowledge of affiant; that matters stated in paragraphs 5 and 7 thereof are charged upon credible information and belief therein."

No assignment of error was filed in the trial court, and the only assignment of error appearing in the brief is the motion for new trial, which is set out in full. Only one proposition is urged in the brief as follows:

"It appearing from the allegations of the motion and the evidence introduced upon the hearing of the motion that appellant had in ample time employed an attorney to represent it in said cause, and that the failure to file an answer in the cause was due to an inadvertence and mistake, and to the absence of said attorney from his office, and that appellant had a meritorious defense, the trial court erred in overruling appellant's motion to set aside the judgment."

No statement of facts, prepared and authenticated as required by the rules, appears in the record.

The motion for new trial was overruled. There is a bill of exception in the record taken to this action of the court, which recites in substance the fact that the default judgment was taken against appellant on the 18th day of August; that a formal motion for new trial was filed on the 19th day of August, and a first amended motion for new trial thereafter filed "seeking to excuse its failure to appear and answer upon the date when said default judgment was taken, and seeking to set up a meritorious defense to plaintiffs' cause of action." The bill of exception then contains the motion for new trial set out in .full. After the copy of the motion the bill of exception proceeds as follows:

"And be it further remembered that said motion came on for hearing before the court on the 9th day of September, A. D. 1926, and came the plaintiffs by their attorneys and came the defendant by its attorneys, and upon·such hearing the following evidence was introduced, to wit: True Strong, a witness for the defendant, upon said hearing testified as follows: 'My name is True Strong. I am a member of the firm of Senter ' & Strong, formerly Senter, Strong & Young. I was a member of that firm in July and August of that year. Mr. E. G. Senter is the member of our' firm who has a contract with Cravens, Dargan & Co., general agents representing St. Paul Fire & Marine Insurance Company, and all matters are sent direct to him from the general agents touching any legal matters in connection with the St. Paul Fire & Marine Insurance Company. He opens all of the mail received in the office and disburses it to the different parties to handle it, with instructions. At the time this citation is shown to have been received in the office, Mr. E. G. Senter had left on a trip for Decatur. Wichita Falls, and Dumas, where he appeared in cases in all three towns. He did not return until the 19th of August. He was gone two or three weeks, as I now recall. Most of the time I was out of town in Clarksville and Dublin. I returned about the 1st of August, as I now recall, and this ·citation was on my desk without any file or anything upon which answer could be made or any information or data on the loss. I gave it to the young man who was in our office at the time and asked him to secure the files from the general agents, and I left the office that day. I returned on the 18th and in turning through· our docket sheets saw that there was no notations on there of any answer having been filed, and when we made an investigation to find our office copy of an answer, we found none, and I immediately wired Bledsoe & Crenshaw here to file a formal answer concerning the matter.' "

The bill of exception states that the amended motion for new trial was introduced in evidence. A copy of the plaintiffs' original petition, and a copy of the citation containing the substance of the original petition, are incorporated as parts of the bill of exception. The bill further recites:

"Be it further remembered that no other or further evidence was introduced upon the hearing of said cause other than that hereinabove set forth. Be it further remembered that thereupon the court, after hearing the evidence and the argument of counsel, refused and overruled said motion for new trial, and refused to set said default judgment aside, to which action and ruling of the court the defendant then and there in open court excepted and here now presents this its bill of exception No. 1 and asks that the same be allowed, approved, and ordered filed as a part of the record in this cause, which is accordingly done this the 11th day of September, A. D. ·1926."

The error, if any, complained of has not been presented to this court in such manner as to entitle the appellant's contention to consideration. District and county court rule No. 53 provides:

"There shall be.no bills of exception taken to the judgments of the court rendered upon those matters which at common law constitute the record proper in the ·case, as the citation, petition, answer and their· supplements and amendments and motions for a new trial, or in arrest of judgment and final judgment."

[1] It is true that the record contains an order entered by the trial court overruling the motion for new trial, which recites that the appellant excepted and gave notice of appeal, but, as stated, there is no statement of facts in the record. The rule is established without dissent in this state that a bill of exception cannot supply a statement of facts, however full its recital of facts may be. Carolan v. Jefferson, 24 Tex. 230; Round-. tree v. City of Galveston, 42 Tex. 612; Dull v. Drake, 68 Tex. 205, 4 S. W. 364; Cates v. McClure, 27 Tex. Civ. App. 459, 66 S. W. 224; Colley v̇. Wood, 32 Tex. Civ. App. 306, 74 S. W. 602; Texas-Midland Ry. Co. v. O'Kelley (Tex. Civ. App.) 203 .S. W. 152; Rhoades v. El Paso & S. W. Ry. (Tex. Civ. App.) 230 S. W. 481; Parrish v. Parrish (Tex. Civ. App.) 280 S. W. 901.

"It is also a familiar rule that, in the absence of a statement of facts, every reasonable presumption will be indulged consistent with the pleadings to support the judgment." Parrish v. Parrish, supra.

[2] In the absence of a statement of facts we must therefore presume that upon sufficient evidence the court found that the appellant and its attorney had been guilty of inexcusable negligence in failing to file its answer in time, and further found that the evidence did not show that appellant had a meritorious defense.

[3, 4] The rule is that in order to set aside a judgment by default two things must appear: First, that the defendant had a good excuse for not answering or ·making his defense on the trial; and, second, that he has a meritorious defense. Lawther Grain Co. v. Winniford (Tex. Com. App.) 249 S. W. 195. The record fails to show that the appellant had a meritorious defense. If the facts stated in the verified motion can be considered as

evidence, the court did not err in holding that no meritorious defense was shown. Briefly stated, the facts appearing in the motion upon this issue are that the appellees permitted an insurance policy previously issued covering this property to lapse on January 15, 1926; that the policy sued on was issued March 8, 1926, and ten days thereafter, at 1 o'clock in the morning, the fire occurred. The motion then states that the defendant is advised and avers upon credible information that the officers of Yoakum county immediately after the fire discovered facts and circumstances which indicated that the insured building had been deliberately and willfully burned. The names of these officers are not given, nor are the facts which they discovered stated in the motion. Therefore, in so far as Mr. Senter is concerned, this conclusion is based upon hearsay, and no reason is stated why the officers were not introduced as witnesses nor their affidavits, stating the facts, were not attached to the motion. The motion further recites that since the fire the grand jury of Yoakum county have returned indictments against two persons, charging them with having willfully burned the property, but the names of these persons are not stated, nor was the court furnished even with copies of the indictments. We may reasonably infer, however, that neither Earnest nor his wife were the parties named in the indictments. The motion further states that defendant has not had time nor opportunity to make an investigation as to the cause of the fire, although it appears that the fire occurred more than five months before the amended motion was filed. It further appears that no investigation of the facts concerning the fire had been made by any one whose affidavit is attached to the petition. The most that can be said is that defendant suspects that either Earnest or his wife are in some way connected with the destruction of the property, and that no effort has been made to ascertain the facts upon which such suspicion is based.

The motion does not even charge directly that the appellees are responsible in any way for the fire, but recites that if after a full and fair investigation of the facts it shall be disclosed that there is no reasonable ground for believing that plaintiffs, or either of them, are responsible for the destruction of the property, then it is the desire of defendant to pay off and discharge the claim, and in his affidavit to the motion Senter states "that the matters stated in paragraphs 5 and 7 thereof are charged upon credible information and belief therein." That is the statement of a conclusion, and before the court could determine whether the information is credible and the belief is reasonable, the names of the parties who furnished the information, together with the facts stated by them, should at least be made a part of the motion, and the facts and circumstances should have been introduced in evidence upon the trial or stated in affidavits attached to the motion.

In El Paso & Southwestern Ry. Co. v. Kelly (Tex. Civ. App.) 83 S. W. 855 (Id., 99 Tex. 87, 87 S. W. 660), Judge Neill said:

"The specific facts, as contradistinguished from conclusions, relied upon as a defense, must be stated in the motion, and their existence must be sworn to if the facts are within the personal knowledge of the defendant or his agent who makes the motion. If they are not within his personal knowledge, the name and residence of the witness by whom he expects to prove them must be stated, and, if practicable, the affidavit of the witness, setting out the very facts he will testify to, must accompany the motion. An affidavit as to what someone else may have heard the witness relate as to the matters on controversy will not do. The affidavit to the facts must be made by the witness to them himself, if by the exercise of reasonable diligence such affidavit could be procured. It also must reasonably appear that proof of such facts will be made upon another trial, and that they reasonably constitute a defense to every theory [pleaded] upon which the judgment could have been rendered. * * *

"Finally, motions of this character are addressed to the sound discretion of the trial court, and, unless the record in the particular case shows that there has been an abuse of the discretion, the judgment will not be disturbed on appeal. * * *

"The affidavit to the motion is made by one of defendants' counsel, and, as to the sixteenth paragraph, it is in these words: 'That the statements contained in paragraph 16 he believes to be true; that, while the facts alleged in paragraph 16 are not within his own personal knowledge, he has made full investigation, * * * and upon information received and upon belief, states that the facts recited in said paragraph are true.' It is hardly necessary, in view of the principles stated, to say that this affidavit is wholly insufficient, for it is apparent that the affiant knows utterly nothing about the facts. Besides, as to some essential matters, the motion states conclusions, instead of the facts upon which conclusions should be based."

In the Lawther Grain Co. Case it is held that where an issue of fact as to negligence is raised, the trial court has the power to pass finally upon that issue, and that the judgment of the trial court should not be disturbed except upon a clear showing that it was erroneous. In our opinion no such abuse of the discretion of the trial court is shown as would justify this court in reversing the judgment in either particular.

The statute (article 2009) requires that where a citation has been served at least ten days before the first day of the term to which it is returnable, exclusive of the day of service and return, the answer of the defendant shall be filed on or before the second day of the return term, and before the call of the appearance docket on said day, and article 2154 provides that upon call of the appearance docket, or at any time after appearance day, the plaintiff may take judgment by default against any defendant who has been duly served with

process, and who has not previously filed an answer. The record shows that the plaintiff did not take judgment until the forenoon of the third day of the term, and that no answer was filed until the afternoon of that day.

[5] We are further of the opinion that the assignment of error in this case is insufficient to require its consideration. R. S. art. 1844, provides that before the appellant takes the transcript from the clerk's office, he shall file with the clerk of the court below all assignments of error, distinctly specifying the grounds upon which he relies, and that where a motion for new trial has been filed, the assignments therein shall constitute the assignments of error, and need not be repeated by filing separate assignments of error, and, further, that all errors not distinctly specified are waived.

[6, 7] The motion for new trial is a part of the transcript, and, as hereinbefore shown, consists of eight different grounds. No further assignments of error than as appear in the motion were filed in the trial court. The appellant's brief has as its "assignment of error" the motion for new trial set out in full. The sole proposition in the brief, hereinbefore set out, while in the form of a proposition, assigns the only error which appellant urges in this court, and it was not filed in the trial court. As this proposition is addressed only to that part of the motion relating to the question of diligence and the failure of appellant's attorney to file an answer, there is an abandonment of all the other grounds set up in the motion. We are of the opinion that the other grounds cannot properly be considered as assignments of error here. While they state grounds upon which the appellant insists that the trial court erred in entering the judgment, and reasons why the judgment by default should be set aside, the error, if any, which should be urged in this court, is not the grounds themselves, but the action of the trial judge in overruling the motion based on such grounds. The grounds urged in the lower court may be meritorious, but unless the appellant insists in this court, by proper assignments and propositions based thereon, that the court erred in overruling them, the issues are not before us for review, and must be considered as abandoned unless they present fundamental error. St. L., S. F. & T. Ry. v. Carter (Tex. Civ. App.) 275 S. W. 224; Armstrong v. Elliott, 20 Tex. Civ. App. 41, 48 S. W. 605, 49 S. W. 635; E. F. Elmberg v. Dunlap Hdw. Co. (Tex. Civ. App.) 234 S. W. 700; McDaniel v. Turner (Tex. Civ. App.) 269 S. W. 496. We have carefully reviewed the record and are unable to find any fundamental error.

[8] The appellant insists that the plaintiff's petition is insufficient because it does not allege that defendant was duly incorporated in accordance with the laws of Texas, or any other state, and fails to allege that defendant is conducting a fire insurance agency in the state of Texas, or was transacting business in this state. This contention is not supported by the record. Appellant is alleged to be "a private corporation doing business in Lubbock county, Tex., insuring property against loss or damage by fire." Houston Waterworks Co. v. Kennedy, 70 Tex. 233, 8 S. W. 36; United Mutual Fire Ins. Co. v. Talley (Tex. Civ. App.) 211 S. W. 653.

[9] The petition further alleges that J. E. Murfee, who resides in Lubbock county, Tex., is the local agent of the defendant upon whom service may be had. There was no proof offered bearing upon the issue of Murfee's agency, nor was any such proof necessary. H., etc., Ry. Co. v. Burke, 55 Tex. 323, 331, 40 Am. Rep. 808.

[10] The judgment recites that the court heard the evidence, and we must presume that all the material facts necessary to sustain the judgment were proven. Order of Aztecs v. Noble (Tex. Civ. App.) 174 S. W. 623.

[11-14] Since Murfee, as agent, was served in Lubbock county, as shown by the sheriff's return, it was not necessary that the copy of the plaintiff's petition should be attached to the citation served upon him. Appellant further attacks the sufficiency of the citation because it does not command the defendant to appear and make answer to the petition at any point or city which is said in the citation to be situate in the state of Texas, and because there is no fact or statement in the body of the citation which declares that said suit is pending in the district court of Lubbock county. As against these criticisms we think the citation is good. Article 5, § 12, of the Constitution, provides that the style of all writs and process shall be, "The State of Texas." The citation complies with this requirement, and commands the sheriff to summon the appellant, "a corporation, by serving J. E. Murfee, as agent for said corporation, if to be found in your county, to be and appear before the honorable district court of Lubbock county at the next regular term thereof, to be held at the courthouse in said county in the city of Lubbock," etc. The substance of the petition is sufficiently set out in the body of the citation. It is signed by Louie F. Moore, clerk of the district court of Lubbock county, Tex., by Olive Fluke, deputy, and attested by the seal of the court. The courts take judicial notice that the city of Lubbock is the county seat of Lubbock county in the state of Texas, and the failure of the citation to state that the city of Lubbock, Lubbock county, is in the state of Texas, is immaterial. Hambel v. Davis, 89 Tex. 256, 34 S. W. 439, 59 Am. St. Rep. 46; Carson v. Dalton, 59 Tex. 500.

Even if the evidence bearing upon the issue of diligence had been properly presented by a statement of facts instead of a bill of exception, we would be compelled to hold that not only the allegations tending to show dili-

gence, but that the evidence offered in support of it, were both insufficient to require affirmative action by the trial court. Southwestern Surety Insurance Co. v. Gulf, Texas & W. Ry. (Tex. Civ. App.) 196 S. W. 276; Cook v. Steel, 42 Tex. 53; Keator v. Case (Tex. Civ. App.) 31 S. W. 1099.

The judgment is therefore affirmed.

## On Motion for Rehearing.

The motion for rehearing attacks the original opinion in so far as it holds that the error, if any, has not been properly presented either by the record or by appellant's brief. While the affirmance was based primarily upon these defects, we did say in the original opinion that the appellant did not show in its motion for new trial that it had a meritorious defense, and that the motion was further insufficient in that it showed that there has been no diligence exercised in filing an answer in time to prevent a judgment by default. We did not enlarge upon this phase of the case, deeming it unnecessary, but in justice to appellant we think it proper to discuss these questions in the light of the record.

[15] The only proposition urged in appellant's brief, unsupported by any assignment filed in the trial court or in this court, by its very language confesses that there has been such negligence and carelessness in the manner of filing an answer that the motion should have been overruled. The proposition asserts that because it appears from the allegations of the motion and the evidence introduced upon the hearing of the motion that the failure to file an answer in the cause "was due to an inadvertence and mistake and to the absence of said attorney from his office" etc., that the court erred in overruling the motion to set aside the judgment. "Inadvertence" means inattention; neglect. Unfortunately for appellant, this is too true, and the record shows it.

The citation was served July 21, 1926. The judgment by default was not rendered until August 18th, that being the third day of the return term. In his motion for new trial Mr. Senter says that this citation was received by appellant's general agents, at Houston, about the 25th of July, and forwarded by them to him at Dallas; that he as the member of the firm of Senter, Strong & Young, was employed by the general agents of appellant to give attention to that business; that he was not in the city of Dallas at the time the citation was received in the office of his firm, and did not return to his office until several days thereafter; that the citation was misplaced in the office by a clerk therein, and was not brought to his attention until after default judgment was rendered, because he was absent on the return day of the citation; that it was accidentally discovered by a clerk upon that day that it had been misplaced, and as soon as it was discovered a telegram was sent to attorneys at Lubbock, requesting them to file a formal answer.

Upon the trial of the motion, Mr. True Strong, a member of Mr. Senter's firm during July and August, 1926, testified that Mr. Senter was the member of his firm who represented the appellant insurance company, and that all matters were sent direct to him from the general agents; that Mr. Senter opened all the mail received in the office and disbursed it to the different parties to handle it with instructions. He further testified that at the time the citation was received, Mr. Senter was in Decatur, Wichita Falls, and Dumas, appearing in cases in all three towns, and he did not return until about the 19th day of August, but was gone some three or four weeks, and that during most of that time he, Mr. Strong, was out of the office in Clarksville and Dublin; however, he further testified that he returned about the 1st of August and that the citation was on his desk without any file or any information or data on the loss from which answer could be made.

[16] If Mr. Senter was the member of the firm who opened the mail and distributed the business among the other members, then how is it that the citation was found on Mr. Strong's desk on August 1st? If the clerk had lost it and misplaced it upon its arrival, as Mr. Senter states, and it was not called to his attention until default day, who opened the mail and placed the citation on Mr. Strong's desk on August 1st? Mr. Strong states that he returned to his office on the 18th of August, and on turning through the firm's docket sheets saw there was no notation on there of an answer having been filed. How does it happen that the case was docketed if the citation had never been seen by any one until Mr. Senter returned on the 18th? Mr. Strong further says, "When we made an investigation to find our office copy of an answer, we found none, and I immediately wired Bledsoe & Crenshaw to file a formal answer." If this business was the personal and special business of Mr. Senter, and he alone was employed by the general agents to look after it, how does it happen that Mr. Strong is attending to it? If Mr. Strong was authorized on the 18th to wire attorneys at Lubbock to file a formal answer, why could he not have sent the wire on August 1st? Or, better still, why could not a formal answer have been prepared on August 1st and mailed to the district clerk at Lubbock? If Mr. Strong found the citation lying on his desk on August 1st, then Mr. Senter is mistaken in saying that it came to his office during his absence and was misplaced by some clerk in his office. He charges that it was the clerk in the office who failed to bring the matter of the citation to his attention until after default judgment was rendered. By every principle of law

and equity the negligence of Mr. Senter's clerk is Mr. Senter's negligence.

[17] If it be admitted that Mr. Senter's absence from his office for three or four weeks, during which time the citation reached his office, excuses him for failing to file an' answer or wiring local counsel at Lubbock to file an answer, it does not excuse the general agents, nor the other members of Mr. Senter's firm, for their failure to file a formal answer. A general demurrer and a general denial filed before appearance day would have prevented a judgment by default, so we sustain that part of the proposition which says the failure to file an answer was due to inadvertence; and we must presume that the trial court arrived at the same conclusion.

The 'proposition further states that it was due to mistake, but we are not informed as to whose mistake resulted in the judgment by default. Whether the mistake is attributable to the general agents, Mr. Senter, Mr. Strong, or the clerk in their office, it certainly is not chargeable to the appellee in this case. What was the mistake? The record fails to show. There was the citation commanding the appellant to answer on the 18th of August. They knew that unless some answer was filed on or before appearance day a judgment by default would probably result. While we think the proposition is true in so far as it says the failure to file the answer was the result of inadvertence and negligence, there is not a syllable in the record that shows that it was due to any mistake by any one which is chargeable to the appellees.

[18, 19] The failure of appellant's counsel under all the circumstances to wire local attorneys at Lubbock until the afternoon of the day following appearance day to file a formal answer shows utter lack of diligence. Appellate courts treat with great deference the action of trial courts on motions for new trial (Cotulla State Bank v. Herron [Tex. Civ. App.] 202 S. W. 797), because that is a matter largely within the discretion of the lower court, and every reasonable presumption must be indulged in support of the ruling on such motions (McCaskey v. McCall [Tex. Civ. App.] 226 S. W: 432). As said by Judge Wheeler in Ables v. Donley, 8 Tex. 331:

"In revising the judgment of the district court, refusing a new trial, it has been the uniform practice of this court, not to reverse the judgment, unless it clearly appears that the party applying has brought his application within those rules which entitle him to a new trial, as a matter of law. The inquiry has been, not whether, upon the evidence in the record, it apparently might have been proper to grant the application in the particular case; but, whether the refusal of it has involved the violation of a clear legal right, or a manifest abuse of judicial discretion."

[20] Nothing is clearer than that no legal right of the appellant was violated by the action of the trial court in waiting until the morning of the day following appearance day to render the judgment by default. Mr. Senter's affidavit would make the clerk in his office his scapegoat, but Mr. Strong's testimony upon the hearing exculpates the clerk, who, presumably, during the protracted absence of Mr. Senter, had opened the letter from the general agents to the latter, and had laid the citation on Mr. Strong's desk on or before August 1st, where Mr. Strong found it 17 days prior to the rendition of the judgment. Upon this question the clerk has not yet been heard from. The mistake, if any, according to Mr. Senter's affidavit, is that of the appellant company in having general agents who had employed only one busy member of a law firm, who had, in turn, employed a careless clerk, or in employing only one such member of the firm whose business kept him for three or four weeks at a time away from his office when his services were badly needed. None of these mistakes, if they can be properly so termed, are chargeable to appellee. This is not a case where a judgment has been rendered after answer filed, and during the unavoidable or excusable absence of a defendant's counsel, nor is it a case where the judgment is a result of any fraud or misleading conduct of defendants or their counsel, or because of any mistake of any officer of the court. It is simply a case where a defendant, though properly served with citation nearly a month prior to appearance day, has failed to file an answer in time to prevent judgment by default. One reason for such failure is stated by its counsel to be inadvertence. Another reason is mistake. Exactly whose inadvertence or mistake is not made clear by the record. In the absence of a showing that appellees are in some manner responsible, appellant shows no ground for a new trial. Southwestern Surety Ind. Co. v. Gulf, T. & W. Ry. (Tex. Civ. App.) 196 S. W. 276; Western Union Tel. Co. v. Skinner, 60 Tex. Civ. App. 477, 128 S. W. 715; Shipp v. Anderson (Tex. Civ. App.) 173 S. W. 598; Commonwealth B. & C. Co. v. Stearns (Tex. Civ. App.) 182 S. W. 1197; Freeman v. Neyland, 23 Tex. 530. Mistakes of one's counsel, unaccompanied with fraud, accident, or improper conduct of the opposite side, unmixed with fraud or negligence on his part, is not ground for setting aside a judgment by default. M., K. & T. Ry. v. Davidson, 25 Tex. Civ. App. 134, 60 S. W. 278; Scrivner v. Malone, 30 Tex. 773; Foster v. Martin, 20 Tex. 118; Tarrant County v. Lively, 25 Tex. Supp. 403; Union Central Life Insurance Co. v. Lipscombe (Tex. Civ. App.) 27 S. W. 307; Merrill v. Roberts, 78 Tex. 28, 14 S. W. 254; Harn v. Phelps, 65 Tex. 597; Vardeman y. Edwards, 21 Tex. 737; Burnley v. Rice, 21 Tex. 171; Cromer v. Sgit-

covich, 28 Tex. Civ. App. 193, 66 S. W. 882; Wilson v. Smith, 17 Tex. Civ. App. 188, 43 S. W. 1086; Martin v. Clements (Tex. Civ. App.) 193 S. W. 437; Power v. Gillispie, 27 Tex. 370; Western Lmb. Co. v. Chicago, R. I. & G. Ry. (Tex. Civ. App.) 180 S. W. 644; Wheat v. Ward County Water Imp. Dist. No. 2 (Tex. Civ. App.) 217 S. W. 713; Schultz v. Burk (Tex. Civ. App.) 227 S. W. 700; Flanagan v. Holbrook (Tex. Civ. App.) 60 S. W. 321; Texas Fire Ins. Co. v. Berry, 33 Tex. Civ. App. 228, 76 S. W. 219.

We held in the original opinion that the appellant's attempt to show that it had a meritorious defense was wholly insufficient. We have again reviewed the motion and the record, and are convinced that the court, even as to this feature of the motion, did not err in overruling it.

Paragraph 5 of the motion relates to this feature of the case, and it is vaguely intimated that the appellees may possibly have been in some way connected with the destruction of the building, but the averments are not direct and positive that either Mr. Senter or his client really believes in the merit of such a defense. It is stated in paragraph 5:

"That this defendant is without knowledge which would authorize it to make the charge that the plaintiffs are chargeable with the destruction of said property; * * * that a full, fair, and impartial investigation should be made of such reports; that defendant has not had time nor an opportunity to make such investigation; that it does not desire to do injustice to the plaintiffs, or either of them, but merely seeks an opportunity to ascertain the facts and to present the case in court if there are facts and circumstances which tend to show the plaintiffs, or either of them, are responsible for the destruction of said property."

In paragraph 5, the motion recites:

"Defendants show that if a full and fair investigation of the facts is made, it shall be disclosed that there is no reasonable ground for believing that plaintiffs, or either of them, are responsible for the destruction of the property, then it is the desire of this defendant to pay off and discharge the amount of the claim as asserted by the plaintiffs in their petition herein."

[21] The record shows that the building burned more than 4½ months prior to the filing of the motion, and the failure of the appellant to make the investigation of the facts incident to the destruction of the building shows such negligence and want of diligence as authorized the trial court to overrule the motion on that ground. Of course, if appellees, or either of them, burned the building or had it done, that would be a complete defense, but there is no averment in the motion that they did, and Mr. Senter does not swear that he believes that they did, nor does he allege or swear that he had credible information with regard to it. The extent of his allegation is "that the defendant" (not the affiant, Mr. Senter) "is advised" (without naming the party imparting the information), and (Mr. Senter) "avers upon credible information" (without giving the name of the informant), "that the officers of Yoakum county, Tex." (without naming any of them), "immediately after the fire discovered facts and circumstances" (without stating what facts or circumstances they discovered), "which indicated that the building was willfully and deliberately burned." None of these officers testified upon the hearing of the motion, nor did the appellant attach to its motion the affidavit of any Yoakum county officer, credible or incredible, which showed any facts tending to support the theory, nor does the motion state any reason why the officers, or their affidavits, were not produced. The credibility of the officers who furnished the appellant the information was a question for the trial court to determine and not Mr. Senter. The probative force of the facts and circumstances which it is alleged said officers possessed as tending to show that the building was willfully and deliberately burned, and that appellees were connected with it, was likewise a matter for the court, and since appellant did not see fit to enlighten the trial court upon these essential matters, the motion was properly overruled upon that ground. Hodges v. Ross, 6 Tex. Civ. App. 437, 25 S. W. 975; Neal Com. Co. v. Golston (Tex. Civ. App.) 197 S. W. 1124.

[22-25] It is stated that two parties had been indicted for the destruction of the building, but we may reasonably infer from the motion that neither of the appellees had been indicted, nor does the motion name the parties charged, or by attaching copies of the indictments show who they were, nor does it state any fact from which the court might have inferred that in burning the building the culprits acted for the appellees. It is clear that the appellant had ample time by the exercise of any sort of diligence to secure this information for the information of the trial court, and, because it failed to do so, we must presume that the charge was not sincerely made. The idea advanced in the motion that the appellees were connected with the destruction of the building is purely a supposition and a conclusion based upon presumptions and information imparted by unknown parties whom the motion declares to be credible. Specific facts rather than conclusions must be stated. If the facts are not within the personal knowledge of the affiant, the names and residences of the witnesses by whom he expects to prove them should be set out, and, if practicable, the affidavits of the witnesses, setting out the facts to which they will testify, should accompany the motion or good reason shown why such affidavits could not be procured. It must also reasonably appear that the proof

of these facts will be made upon another trial, and it should reasonably appear that they are true, and that the affiant believes them to be true. None of these essential prerequisites to the granting of the motion appear therein.

[26, 27] Mr. Senter's verification of the motion is insufficient, in that the affidavit with reference to that portion of the motion setting up the defense of arson, recites:

"The matters stated in paragraph 5 * * * are charged on credible information and belief therein." El Paso & S. W. Ry. v. Kelly (Tex. Civ. App.) 83 S. W. 855; Calyon v. State, 76 Tex. Cr. R. 83, 174 S. W. 591; Cunningham v. Gaines (Tex. Civ. App.) 176 S. W. 148; Scranton v. Tilley, 16 Tex. 183; Ginners' Mut. Underw. v. Wiley (Tex. Civ. App.) 147 S. W. 631; Abilene, Ind. T. & T. Co. v. S. W., T. & T. Co. (Tex. Civ. App.) 185 S. W. 356.

An affidavit is wholly defective unless perjury can be assigned upon it if untrue. Willis v. Lyman, 22 Tex. 268; Mays v. Lewis, 4 Tex. 38; Cook v. De la Garza, 13 Tex. 431; St. L., B. & M. Ry. Co. v. Dallas Cooperage & Woodenware Co. (Tex. Civ. App.) 263 S. W. 769.

What we have hereinbefore said is in deference to appellant's insistence that his appeal should be considered on its merits, meaning, we presume, that the merits of the motion, in so far as it states grounds for a new trial, should be considered. We did consider it and passed upon the various grounds in the original opinion, but have entered into the additional discussion to make our holding clearer.

In the motion for rehearing appellant insists that this court has "inadvertently fallen into error" in holding that the error of the court in overruling the motion for new trial is not properly presented by a bill of exception. It may be possible that we have fallen into error, but it was not done inadvertently. If we fell in at all it was after a very careful and painstaking investigation of all the authorities at hand. In view of the fact that nearly all of the motion for rehearing is concentrated upon that question, we will briefly discuss it further.

That there is some confusion and want of harmony among the decisions upon the question whether the facts proven upon the hearing of a motion for a new trial should be preserved and presented to the appellate court in a bill of exception, or by a properly prepared and authenticated statement of facts, must be admitted, but the cases cited in the original opinion sustain our holding, and not one of the cases cited by the appellant in its motion for rehearing is in point. Our reason for holding that the evidence should be presented by a statement of facts rather than by bill of exceptions is clearly stated in some early cases in Texas, as follows:

In Carolan v. Jefferson, 24 Tex. 229, Judge Roberts said:

"The bill of exceptions assumes to state all the facts; but being only a bill of exceptions, the parties were not required to agree to it in the first instance, and the appellee was not *bound to see that the facts were stated, except so far as might be necessary to present the objection to the evidence; and indeed he had no control over it.*"

In the case of Madden v. Shapard, 3 Tex. 50, Judge Wheeler, in passing upon the sufficiency of a motion for new trial, said:

"And, for the same reason, when the question is brought up for revision here, the record ought *to be accompanied by a statement of facts;* otherwise, we may have no means of determining upon the propriety of the application. In the case before us, there is no statement of facts."

In the case of Dull v. Drake, 68 Tex. 205, 4 S. W. 364, Judge Willie said:

"In this case it is attempted to make the bill of exceptions serve the purpose of a statement of facts by incorporating into it evidence admitted upon the trial, and by this method to show the importance of the rejected testimony. We know of no authority for bringing to the knowledge of this court the facts proved upon a trial of the cause through the medium of a bill of exceptions. Such a bill brings to our attention rejected testimony, or such as has been admitted *over objection;* but such as was introduced without complaint, and formed part of the case made before the court or jury, must find its place in the statement of facts; otherwise it will not be noticed."

[28, 29] These decisions draw a clear distinction between the offices of the two proceedings. While the statute, article 2237, subd. 6, provides that the judge shall submit a bill of exception to the adverse party, or his counsel, if in attendance on the court, and, if found to be correct, he shall sign and file it, we think that article applies to proceedings during the trial of the case. The final judgment was rendered in this case on August 18th, while the bill of exceptions was not signed by the trial judge until the 11th day of September thereafter. It does not appear that it was ever presented to opposing counsel or approved by them, and indeed its validity as a bill of exception does not necessarily depend upon the approval of opposing counsel, for the court may approve and order it filed even over the objection of opposing counsel.

This part of the statute is not mandatory, and it is held that even if an appeal is perfected the trial judge has the right, upon motion made for that purpose, to amend the bill of exception so as to make it conform to the facts, or he may strike it from the record. Davis v. Wichita State Bank & Trust Co. (Tex. Civ. App.) 286 S. W. 585. The trial court would certainly have no such au-

thority in dealing with the statement of facts.

We think that the preservation of the evidence in the lower court and its presentation in the appellate court through the medium of a statement of facts agreed to by the parties or their counsel and approved by the trial judge is a safer and better method than by bringing it up in a bill of exception which is not required to be signed by opposing counsel, and which may be amended or even stricken by the trial judge after appeal. Therefore we adhere to our former ruling and overrule the motion for rehearing.