## J. C. COLLEY v. C. E. WOOD.

### Decided April 25, 1903.

**1.—Practice on Appeal—Statement of Facts—Insufficiency of Evidence—Charge.**

In the absence of a statement of facts the appellate court will not consider the question of the insufficiency of the evidence to warrant a peremptory charge, even though the charge sums up the judge's conclusions of the facts upon which it is based.

**2.—Same—Motion to Dismiss.**

That the matters upon which appellant relies for reversal have not been presented in such manner as to require them to be passed on, is not a tenable ground for a motion to dismiss the appeal.

Appeal from the District Court of Ellis. Tried below before Hon. Chas. Fred. Tucker, Special Judge.

*W. H. Fears* and *Templeton & Harding,* for appellant.

*Groce & Skinner,* for appellee.

TEMPLETON, ASSOCIATE JUSTICE.—Colley sued Wood to recover damages to his land, which, it was alleged, were occasioned by Wood digging a ditch on his own land whereby surface water was diverted from its natural course and caused to flow over Colley's land. The court instructed the jury to return a verdict for the defendant, and the plaintiff has appealed.

Appellee's motion to strike out the statement of facts found in the record, on the ground that the same was not filed within the time prescribed by law, was sustained by this court on a former day of the term, and the cause must be disposed of without reference to the said statement. All of appellant's assignments of error are based upon the insufficiency of the evidence to warrant the peremptory charge to the jury, and appellee invokes the rule that, in the absence of a statement of facts, such assignments can not be considered. It appears, however, that the trial judge summed up the evidence in the charge, and appellant insists that the conclusions of fact found in the charge and upon which the peremptory instruction was based, did not authorize such instruction, and that, as the charge discloses what the facts of the case were, a statement of facts was unnecessary. Appellee contends, in reply, that the charge can not be considered as supplying the place of a statement of facts in any event, and that, as no exception was reserved to the charge, or to the conclusions of fact and law therein contained, appellant can not question the correctness of such conclusions, even if the same could be considered as conclusions of fact and law and the case disposed of as though the trial had been before the court without the intervention of a jury.

Appellant has prosecuted this appeal on the theory that the facts

adduced on the trial were not such as to justify the action of the court in charging the jury to find for defendant. Without having the facts before us, we are bound to presume that the charge was authorized by the evidence. The method of bringing the facts before this court for revision is prescribed by the statute, and has not been followed in this case. The statute provides for the bringing up of the evidence by means of a statement of facts, and the manner in which the same is required to be prepared was evidently adopted to insure a full and fair statement, free from mistakes of every character. Ample time is given for the preparation of the statement; the attorney for each party has an opportunity to present his version of the facts to the court, and the court has the benefit of the respective statements of the parties in passing on all points of disagreement between them. No such precautions against errors surrounded the preparation of the charge in this case. It was written by the court in the hurry of the trial, and without the assistance of counsel. The attorneys were not consulted and had no voice in the matter. The charge does not purport to state the names or the testimony of the witnesses, but contains simply the conclusions drawn by the trial judge from the evidence. The resume of the evidence was unnecessary, and was doubtless inserted in the charge in explanation to the jury and to this court, in case of an appeal, of the view taken by the trial judge of the facts and the law of the case.

Manifestly, the charge was not prepared with the idea that it should serve in lieu of a statement of facts in case an appeal followed the verdict. The charge does not declare, in terms at least, that no facts save those stated therein had been proven. Only the conclusions drawn by the trial judge from the evidence which he deemed material to a decision of the case will be supposed to have been embraced in the charge. If the record before us contained a statement of facts, we might find that the conclusions of the trial judge were not authorized by the evidence, or that, in view of all the evidence, the action of the court in instructing a verdict for the defendant was justified upon other grounds than those stated in the charge. Of course, the evidence contained in a statement of facts, rather than the conclusions of facts embraced in the charge, would control this court in the disposition of the case. Again, had a statement of facts been demanded, the trial judge, upon more mature consideration, might have found that he had not fully understood the facts at the time he prepared the charge, and that his conclusions were unwarranted.

The argument is made to demonstrate the unwisdom of looking elsewhere than to a statement of facts prepared in the manner prescribed by the statute for the evidence in a case. If the precedent contended for by appellant should be established, endless confusion would result, and our appellate courts would be continually called upon to accept parts of the record in lieu of a statement of facts which had not been prepared with the idea that the same would be so considered, and which had been incorporated in the record without the parties having an op-

portunity to have mistakes therein avoided or corrected. The above remarks apply, even if this case should be considered as having been tried before the court without a jury and as being a case where the filing of conclusions of fact and law by the trial judge was authorized. In the first place, the judge did not have in mind any such case when he prepared the charge, nor the time allowed by law for the preparation of formal conclusions. And in the second place, appellee was not required to construe the charge as constituting conclusions of fact and law and to guard against errors and omissions therein by procuring the filing of a statement of facts.

The conclusions above stated are fully supported by authority. In Carolan v. Jefferson, 24 Texas, 229, the court was asked to consider a bill of exceptions as a statement of facts. Judge Roberts said: "The bill of exceptions assumes to state all the facts; but, being a bill of exceptions, the parties were not required to agree to it in the first instance, and the appellee was not bound to see that the facts were stated, except so far as might be necessary to present the objection to the evidence; and indeed he had no control over it. He should not, therefore, be bound by it as a statement of facts." In Roundtree v. Galveston, 42 Texas, 623, the record did not contain a statement of facts, but did contain a bill of exceptions which appeared to have been intended by appellant to serve as a statement of facts as well as a bill of exceptions. It was not authenticated as a statement of facts, and the court held that it could not be considered as one, even if it had purported to contain all the facts adduced on the trial. Attention was called, in the opinion, to the difference in the manner in which bills of exception and statements of facts were prepared, and the importance of having statements of facts prepared in the manner prescribed by law was emphasized.

In San Antonio v. Berry, 92 Texas, 326, there was a trial without a jury, and the trial judge filed conclusions of fact. He found that it was not shown that no provision was made, when certain debts were created by the city, for the levy of taxes to pay interest, etc. He also found that certain ordinances of the city were introduced in evidence, and that no other evidence was introduced on that issue. It was contended that the ordinances were sufficient to show that no provision was made for the payment of the debts. In the absence of a statement of facts, the court declined to consider the statement in the conclusions of the trial judge that no evidence upon the issue, except the ordinances, was introduced, saying: "Counsel have no control over the judge's conclusions of fact. They can not say what shall and what shall not be inserted. If a statement of facts had been called for, it may be that counsel for the appellee could have convinced the court that other evidence was introduced." In Mercantile Co. v. Wathen, 93 Texas, 622, it was held that the action of the appellate court was confined to such matters as were made to appear of record by one of the methods stated in article 1014, Revised Statutes. That article of the statute, in effect,

requires such questions as appellant has presented herein to be tried in this court upon a statement of facts, and as his case has been submitted upon a record which does not contain such statement, the errors he has assigned can not be considered.

Even if we had reached a different conclusion, and held with appellant that this is a case where conclusions of fact and law by the trial judge could be received and that the charge of the court could be construed as such conclusions, the result would be the same. When, as in this case, the conclusions are not excepted to, the correctness thereof can not be attacked, unless the failure to except has been waived. Insurance Co. v. Milliken, 64 Texas, 48. Appellee has not waived the failure of appellant to except to the conclusions stated in the charge, and is insisting that the alleged errors be not considered because of the want of exception.

Appellee has filed a motion to dismiss the appeal because the grounds upon which appellant relies for a reversal have not been presented in such manner as to require this court to pass on the same. We do not regard the proposition as being tenable, and the motion is overruled.

In the absence of a statement of facts, appellant's assignments can not be considered, and the judgment will therefore be affirmed.

*Affirmed.*

Writ of error refused.