XAVIER RYAN V. T. S. TEAGUE ET AL.

Decided April 7, 1908.

**1.—Practice—Findings of Law and Fact.**

Our statute makes no provision for the preparing and filing of conclusions of law and fact by the trial judge when a case is tried before a jury, and consequently they cannot be considered in such case.

**2.—Appeal—Practice.**

· An assignment of error not followed by a statement from the record will not be considered on appeal.

**3.—Same—Assignment of Error.**

An assignment of error as follows: "The court erred in overruling defendant's special demurrers to plaintiff's amended petition," is too general to require consideration, although followed·by propositions intended to point out the supposed defects. Such an assignment cannot be helped by propositions.

**4.—Trial of the Right of Property—Pleading—Practice—Bill of Review.**

In a suit for the trial of the right of property, a new trial having been granted after the term upon bill of review, no pleading on the part of the claimant is required to raise the issue as to the value of the property involved. Such issue is necessarily involved. The value fixed by the sheriff in taking the claimant's bond is not conclusive.

Appeal ·from the District Court of Hardin County. Tried below before Hon. L. B. Hightower.

*J. D. Martin,* for appellant.

*W. H. Davidson* and *John L. Little,* for appellees.

REESE, ASSOCIATE JUSTICE.—This was a suit in the nature of a bill of review, or a petition for new trial filed after the term at which the original judgment was rendered. The original suit was one for the trial of the right of property in which judgment was rendered on October 23, 1906, in the District Court of Hardin County. Teague was the claimant of the property. Ryan appears to have been plaintiff in execution. This suit to set aside the aforesaid judgment and retry the case was filed after the expiration of the term. The cause was tried with a jury and resulted in a verdict and judgment in favor of plaintiff Ryan for the value of the property assessed by the jury at $600. From this judgment Ryan appeals.

There is no statement of facts nor bills of exceptions in the record. There is in the record what is denominated the court's conclusions of law and fact, prepared and filed upon request of appellant. The law makes no provision for such a proceeding in a jury case, and they can not be given the force and effect of such conclusions properly filed under the statute. (City of Houston v. Kapner, 43 Texas Civ. App., 507.)

The first assignment of error can not be considered for the reason that it is not followed by any statement, or anything in the nature of a statement from the record, of the matters relating to the

question presented by the assignment. The assignment, however, presents the question of the sufficiency of the petition upon general demurrer, and we have examined it for that purpose. The petition presents a good cause of action and is not subject to general demurrer.

The second assignment of error is as follows: "The court erred in overruling defendant's special demurrers to plaintiff's second amended original petition." Under this assignment appellant presents eight separate and distinct special exceptions, in the form of propositions under the assignment. Each proposition presents a distinct ground of objection to the petition and there is thus attempted to be embraced in one assignment eight separate and distinct errors in the ruling complained of. The assignment itself is too general, and can not be helped by the propositions. (Robinson v. Moore, 1 Texas Civ. App., 93; Galbraith v. Townsend, 1 Texas Civ. App., 447.) An additional objection is that there is no statement from the record as required by Rule 31. The assignment will not be considered.

We can not say that there was error in setting aside the former judgment and reopening the case, and in submitting to the jury the issue as to the value of the property, as is attempted to be set out in the third and fourth assignments of error and the propositions thereunder. Many grounds were set up in the petition for setting aside the former judgment. The court in its conclusions of law, if any consideration can be given thereto, finds "that plaintiffs are not entitled to have the judgment in cause No. 1315 reopened on the ground of fraud. But under all the circumstances in evidence I find that upon other grounds the said cause should have been reopened and was by the court allowed to be reopened and the whole case heard together." It is not made to appear that this was error. If the conclusions can not be considered for any purpose, every fact necessary to support the judgment must be presumed to have been established. The case having been reopened and a new trial had, the issue of the value of the property was necessarily involved without any special averments in the petition of the claimant on that point. The court instructed the jury in effect to find for appellant on the issue of the right to the property, and directed them to return a verdict for him for the value as found by them. The amount found was much less than that found by the previous judgment and less than the amount fixed by the sheriff in the claimant's bond. This seems to be the burden of appellant's complaint. The former judgment having been properly set aside it was proper to submit to the jury upon this trial the issue as to the value of the property. The value established upon the former trial was, of course, out of the case, and the value fixed by the sheriff in taking the claimant's bond was not conclusive. (Linn v. Wright, 18 Texas, 341.) This disposes of the third, fourth, fifth and sixth assignments of error which we overrule.

The seventh assignment is as follows: "The court erred in overruling defendant's motion for new trial." The assignment is too general and will not be considered. It is followed by way of proposition, by a reference to a preceding proposition that "before a judg-

ment can be reopened, either in whole or in part, the party seeking it must offer to pay and make a tender of the amount justly due." The proposition has no application to this case.

We find no error in the record and the judgment is affirmed.

*Affirmed.*

Writ of error refused.