**ROBINSON et ux. v. LYNCH DAVIDSON & CO.** (No. 9053.)

Court of Civil Appeals of Texas. Galveston. Dec. 15, 1927.

Rehearing Denied Jan. 19, 1928.

1. **Appeal and error ⬅⇒553(1)—Sufficiency of evidence to warrant peremptory charge held not reviewable, in absence of statement of facts, notwithstanding trial judge filed findings of fact (Rev. St. 1925, arts. 2208, 2239–2243).**

Sufficiency of evidence to warrant peremptory charge *held* not reviewable on appeal, in absence of statement of facts provided for in Rev. St. 1925, arts. 2239–2243, notwithstanding trial judge on appellants' request prepared and filed findings of fact, since article 2208 only provides for filing findings of fact in cases tried by the court.

2. **Appeal and error ⬅⇒553(1)—Findings of fact filed by trial court in jury case cannot be considered as statement of material facts (Rev. St. 1925, arts. 2208, 2239–2243).**

Findings of fact filed by trial judge in jury case cannot be considered as a statement of all the material facts shown by the evidence, since Rev. St. 1925, art. 2208, only provides for findings of fact in cases tried by the court, and such findings in case tried with jury cannot take the place of the statement of facts provided for in articles 2239–2243.

Appeal from District Court, Harris County; Charles E. Ashe, Judge.

Action of trespass to try title by Lynch Davidson & Co. against T. M. Robinson and wife. Judgment for plaintiff, and defendants appeal. Affirmed.

W. P. Hamblen and Fowler & Conn, all of Houston, for appellants.

Baker, Botts, Parker & Garwood, S. H. German, and Homer L. Bruce, all of Houston, for appellee.

PLEASANTS, C. J. This is an action of trespass to try title, brought by appellee to recover of appellants the title and possession of land described in plaintiff's petition as lots 19 and 20 in block O of Magnolia Park subdivision of the city of Houston.

Plaintiff's petition specially pleads title obtained through a contract and deed of trust executed by defendants to secure plaintiff in the construction of improvements upon the lots in controversy, the failure of appellants to comply with their said contract, and the foreclosure and sale of the property under the deed of trust, and its purchase thereunder by appellee.

Appellants answered by general demurrer, general denial, and plea of not guilty, and specially plead failure of consideration for the contract and note executed by appellants, to secure which the deed of trust was executed, in that appellee had failed and refused to furnish all of the money due appellants under the contract.

They further pleaded that the property was appellants' homestead, and that the liens created by the contract and deed of trust were invalid and the sale under the deed of trust was void and passed no title to appellee, because there was included in the note and indebtedness for which the property was sold a brokerage charge of $200, and notary and filing fees and costs of an abstract, none of which items were or could be made a charge upon appellants' homestead.

The case was tried with a jury, but, after hearing the evidence, the trial court instructed a verdict in favor of plaintiff, and upon the return of such verdict rendered judgment in accordance therewith for the title and possession of the property and for its rental value in the sum of $22.50 per month from February 2, 1926, to the date of the judgment.

[1, 2] Appellants' brief presents but one assignment of error, which complains of the charge of the court instructing the jury to return a verdict in favor of appellee. This assignment is followed by three propositions, the determination of each by this court being dependent upon the evidence adduced upon the trial. There is no statement of facts with the record, but the trial judge, at the

request of appellants filed findings of fact and conclusions of law which appear in the transcript.

It goes without saying that, without knowing what the evidence on the trial disclosed, an appellate court cannot, in a case in which a cause of action is pleaded, hold that the trial court erred in instructing a verdict for the plaintiff; and, unless we can consider the findings of fact filed by the trial judge in this case as a statement of all the material facts shown by the evidence, appellants' assignment and propositions must be overruled and the judgment affirmed.

That we cannot so consider the findings of fact filed by a trial court in a jury case seems to be well settled by our decisions. Colley v. Wood, 32 Tex. Civ. App. 306, 74 S. W. 602; Ryan v. Teague, 50 Tex. Civ. App. 153, 110 S. W. 117; Crosby v. Di Palma (Tex. Civ. App.) 141 S. W. 321. The statute (article 2208, R. S. 1925) only provides for the filing of findings of fact by the trial judge in cases tried by the court, and such findings of fact cannot take the place, in a case tried with a jury, of the statement of facts provided for in articles 2239–2243, R. S. 1925.

The reasons for denying to the findings of fact by the trial court in a jury case the force and effect of a statement of facts are thus stated in the Colley Case, supra:

"Appellant has prosecuted this appeal on the theory that the facts adduced on the trial were not such as to justify the action of the court in charging the jury to find for defendant. Without having the facts before us, we are bound to presume that the charge was authorized by the evidence. The method of bringing the facts before this court for revision is prescribed by the statute, and has not been followed in this case. * * * If the record before us contained a statement of facts, we might find that the conclusions of the trial judge were not authorized by the evidence, or that, in view of all the evidence, the action of the court in instructing a verdict for the defendant was justified upon other grounds than those stated in the charge. Of course, the evidence contained in a statement of facts, rather than the conclusions of facts embraced in the charge, would control this court in the disposition of the case. * * * If the precedent contended for by appellant should be established, endless confusion would result, and our appellate courts would be continually called upon to accept parts of the record in lieu of a statement of facts which had not been prepared with the idea that the same would be so considered, and which had been incorporated in the record without the parties having an opportunity to have mistakes therein avoided or corrected."

In the Crosby Case, supra, the court says:

"In deference to request of counsel for appellants, the trial court filed conclusions of law and fact, although the cause was tried before a jury, which rendered a verdict for appellees in accordance with a peremptory instruction. In their motion for rehearing, appellants vigorously insist that this court erred in failing to sustain various assignments of error directed against the correctness of such conclusions of the trial court. We attach no importance whatever to such conclusions, and regard them as surplusage only. The statute contemplates the filing of such statements in cases tried before the court. The question presented to this court is the correctness of the trial court's action in giving a peremptory instruction for appellees, and, if this action was proper, it is unimportant to determine whether the trial court predicated its action upon correct or incorrect conclusions of law and fact."

We think these decisions require us to decline to consider the findings of fact filed by the trial judge, and, there being no statement of facts with the record, the judgment must be affirmed.

Affirmed.