## TREVINO v. SOUTHLAND GREYHOUND LINES, Inc.

### No. 9004.

Court of Civil Appeals of Texas.
San Antonio.
Feb. 8, 1933.

Rehearing Denied March 1, 1933.

Charles J. Lieck and Wm. E. Calvert, all of San Antonio, for appellant.

Templeton, Brooks, Napier & Brown, of San Antonio, John H. Awtry, of Dallas, C. R. Kennon and Harper Macfarlane, both of San Antonio, for appellee.

SMITH, Justice.

This action was brought by Tomas S. Trevino against Southland Greyhound Lines, Inc., to recover damages for personal injuries alleged to have been sustained by Trevino when thrown from his seat while a passenger upon one of the defendant's busses. A jury trial resulted in a verdict and judgment denying any recovery to Trevino, who has appealed.

In his original petition appellant alleged the negligence of appellee in general terms, relying upon the doctrine of res ipsa loquitur to fix liability upon appellee. To these allegations appellee excepted upon the ground that specific acts of negligence should be expressly alleged in order to require appellee to answer. The court sustained this exception, whereupon appellant amended and expressly pleaded specific acts of negligence as a basis for appellee's alleged liability, and tried the case on these allegations. By this procedure appellant waived his right to complain in this court of the ruling of the trial court upon said exceptions. Cornish v. Houston Terminal Land Co. (Tex. Civ. App.) 257 S. W. 575.

The trial court submitted the case to the jury upon a number of special issues, but after much deliberation the jury was able to answer only the first two of those issues, upon which they found, only, that appellant was an occupant of appellee's bus at the time of the accident, but that appellee was not on that occasion operating said bus at a negligent rate of speed. In the unanswered questions the jury were asked to find: (1) If appellant was thrown from his seat in the bus; (2) if the bus was being operated in a manner calculated to throw appellant from his seat; (3) if such operation was negligence; (4) if such negligence was the proximate cause of appellant's injuries; (5) the amount of damages. Upon the answers returned, the court rendered judgment against appellant.

[2] Appellant complains of the action of the court in rendering judgment upon the jury findings, and in overruling appellant's motion for a mistrial. This complaint must be tested by the force of appellant's contention that the unanswered issues were material, that they were well pleaded, and that there was sufficient evidence in the record to take them to the jury. But appellant does not fortify this contention by bringing up a statement of facts from which this court may determine for itself if the evidence was such as to require a jury to pass upon its weight. It must be presumed in favor of the right action of the trial court that the issues embraced in the unanswered questions were properly withdrawn from the consideration of the jury, unless it affirmatively appears to this court that the evidence upon those issues was material and in conflict, and this court can properly determine that question only from a statement of facts. Atchison, T. & S. F. Ry. Co. v. Lochlin, 87 Tex. 467, 29 S. W. 469, 470; Robinson v. Lynch Davidson & Co. (Tex. Civ. App.) 1 S.W.(2d) 677, and authorities there cited; Parrish v. Parrish (Tex. Civ. App.) 280 S. W. 901.

It is well settled, and wisely so, that findings of fact by a trial judge in a jury case cannot be considered as statement of material facts, or bind appellate courts. Robinson v. Davidson, supra.

Nor can bills of exceptions supply statements of facts, however full their recital of facts may be. Parrish v. Parrish, supra.

In the bill of exceptions in which this transaction is presented here, the trial court certifies that the cause "was submitted to the jury upon the court's main charge, consisting of eight special issues, which were raised by the pleadings and upon which there was sufficient preponderance of evidence to support a negative or an affirmative finding, depending upon the weight given to the evidence of the witnesses for the respective parties, which was conflicting and which required submission to the jury of such issue. * * *" Appellant insists that the recital in the bill of exceptions, to the effect that the evidence upon the eight issues was conflicting and "required submission to the jury,"

is conclusive and binding upon this court. But this court cannot be so bound. This court must determine for itself the question of whether the ruling of the trial court wrought wrongful injury to appellant, and that can be properly determined only from the evidence actually adduced below, which may be shown only by a statement of facts. Atchison, T. & S. F. Ry. Co. v. Lochlin, supra. The burden of such showing rested upon appellant, who, having failed to bring up a statement of facts, cannot assert that the evidence entitled him to a finding upon the issues withdrawn from the jury. Nor may the trial judge impeach his own ruling upon that question by recitals in the bill of exceptions that the evidence raised the issues afterwards discarded. That is an ultimate question of law to be determined by this court, not through a conclusion thereon by the trial court, but from the statement of facts provided by law for that very purpose.

In his remaining propositions appellant complains of the arguments of appellee's counsel to the jury. The arguments here objected to cannot be adjudged harmful or erroneous, in the absence of a statement of facts. 3 Tex. Jur. §§ 344, 386. The bills of exceptions showing these transactions contain recitals that in each instance there "was no testimony to sustain" the argument objected to, "nor was the same provoked by argument of counsel for plaintiff." It is difficult to believe that the trial judge intended by these recitals to stultify himself and impeach his own rulings, although they have such effect, if taken at their face value. The bills of exceptions are signed by the trial judge, and by counsel for appellee, but this court will not, even in the face of such full authenticity, yield to trial judge and counsel the right to determine for itself, from a full record, the questions of law presented in the appeal. Or, as stated by Chief Justice Brown in Atchison, T. & S. F. Ry. Co. v. Lochlin, supra, "this court will not decide a question of this character to the detriment of the party recovering except upon a full view of the facts."

The judgment is affirmed.