**FARR et ux. v. KIRBY LUMBER CORPORATION.**

No. 4428.

Court of Civil Appeals of Texas. Beaumont.
May 29, 1947.

Rehearing Denied July 12, 1947.

Adams & Adams, of Nacogdoches, for appellants.

Fountain, Cox & Gaines, of Houston, for appellee.

WALKER, Justice.

This is an action in trespass to try title, brought by Kirby Lumber Corporation against J. E. Farr and wife to recover the William Scurlock 190⅓ acres survey, Abstract No. 413, in San Augustine county. Kirby will be referred to hereinafter as plaintiff, and J. E. Farr and wife as defendants, as they were in the trial court.

Under the formal allegations in trespass to try title, plaintiff alleged fee title to the land and also plead title under the 3, 5, 10 and 25 year statutes of limitations. By way of answer, defendants plead not guilty and further, that a certain acknowledgment of tenancy by them dated March 18, 1936, was procured by fraud. They also filed a cross-action wherein they specially plead title to the land under the 10 year statute of limitations.

The cause was tried to a jury, but the judgment appealed from is based upon an instructed verdict. The record shows that at the close of plaintiff's evidence in chief, defendants tendered evidence in support of their limitation title and in proof of the fraud whereby they say that the acknowledgment of tenancy was procured from them. All of this evidence was excluded and no further tender being made, the trial court, on plaintiff's motion, instructed the jury to return a verdict in plaintiff's behalf. Plaintiff's motion is not in the transcript, and we infer that it was oral. The following quotation from the judgment shows the ground upon which the trial court purportedly acted in instructing a verdict: "After the pleadings were read, evidence was taken and at the close of plaintiff's evidence, J. E. Farr having admitted the writing and transmission to Kirby Lumber Corporation of a letter acknowledging the right of Kirby Lumber Corporation to the premises in question, which letter was written at a time and in terms such as destroyed the limitation claim of J. E. Farr and wife to the land in question, the Court sustained the objection of Kirby Lumber Company to the receipt of any evidence of defendants and cross-plaintiffs as to their limitation claim." On this verdict, the trial court rendered judgment awarding plaintiff title to and possession of the land in suit, and denying defendants any recovery on their cross action.

Defendants have appealed.

We have before us only a part of the evidence proved or tendered in the trial court, to-wit, the testimony of defendant J. E. Farr and the tender of proof made in defendants' behalf by defendants' attorney. These matters have been incorporated in a partial transcript of the evidence and also in a bill of exceptions. Various exhibits, presumably introduced on trial, have been filed in this court, and plaintiff has resorted to these exhibits in

defense of the judgment. These exhibits have not been brought up in accordance with Rule 379, Texas Rules of Civil Procedure, but defendants have made no point of this irregularity and under our disposition of this appeal the irregularity is not material. The transcript also contains detailed findings of fact and conclusions of law by the trial court, which plaintiff says the defendants requested.

According to these findings, plaintiff has record title to the land from the sovereignty of the soil, originating with a patent to E. A. and S. W. Blount, Jr., assignees of William Scurlock, dated September 18, 1883. The evidence upon which these findings were based is not before us, but we note that defendants have not attacked any of these findings.

The defendants' tender of proof exhibits a claim to a limitation title under the 10 year statute, based upon an adverse possession as a naked trespasser since May 11, 1933. This tender shows that prior to May 11, 1933, one L. H. Wyatt had erected certain "improvements" upon the land, which he sold to defendants, and that on this date defendants occupied these improvements, making said improvements their residence, and that defendants have since resided there. Defendants say that their possession was evidenced by cultivation, by the cutting of timber, and by the possession of various tenants, as well as by their own occupancy.

The record does not show when the suit was filed. Plaintiff's brief recites (without contradiction by defendants) that the suit was filed on November 29, 1945. Defendants' answer alleges that process was served upon defendant J. E. Farr on December 5, 1945; and the transcript contains plaintiff's first amended petition, which was filed on January 14, 1946.

The testimony of defendant J. E. Farr (whom plaintiff called to the stand and examined under the adverse witness rule) refers to two written instruments which plaintiff says constitute acknowledgments of plaintiff's title, and which are before us only in the form of exhibits, to-wit, a postal card dated May 27, 1939, addressed to Kirby Lumber Corporation, and a letter bearing date February 25, 1940, addressed to one M. E. Miller but originally enclosed in an envelope directed to Kirby Lumber Corporation, this being the letter which is referred to in the trial court's judgment. There is also among the exhibits a formal acknowledgment of tenancy by defendants dated March 18, 1936, in favor of McDonald Meachum, receiver of Kirby Lumber Company. According to the trial court's findings of fact Kirby Lumber Company was the immediate predecessor in title of plaintiff, Kirby Lumber Corporation. The trial court has found that the postal card and the letter were written by defendant J. E. Farr, and that the acknowledgment of tenancy was executed by defendants. Defendants do not deny that they executed the acknowledgment of tenancy, and say only that it was procured by fraud.

Defendants assign two points of error for reversal, namely, that the trial court erred in excluding their evidence of limitation title and further, in instructing a verdict in plaintiff's behalf. The substantial question raised by defendants' appeal is whether the trial court erred in excluding defendants' evidence of limitation title, for there would otherwise have been matters of fact to be submitted to the jury. In discussing this question, we shall assume that defendants' possession began on May 11, 1933, and continued until the date this suit was filed, which we take to be November 29, 1945. Thus the maximum limitation period to be considered here covers a period of 12 years, 6 months and 18 days.

We note that plaintiff has made some use of the trial court's findings of fact, and that plaintiff says that defendants are bound by these findings. Under the circumstances of this case (trial to a jury and an instructed verdict) the trial court had no authority to make findings of fact, and the findings made by the trial court are without any recognizable legal significance on this appeal. See Rules 296 and 307; Smith v. Clark, Tex.Civ.App., 266 S. W. 518; Sigmond Rothschild Co. v. Moore, Tex.Com. App., 37 S.W.2d 121; Robinson v. Lynch Davidson & Co., Tex.Civ.App., 1 S.W.2d 677. And also see: Ryan v. Teague, 50 Tex.Civ.App. 153, 110 S.W. 117; Crosby

v. Di Palma, Tex.Civ.App., 141 S.W. 321, page 326; King v. Furay, Tex.Civ.App., 130 S.W.2d 1029; Jones v. Edwards, Tex. Civ.App., 152 S.W. 727. We accordingly attach no weight to the trial court's finding that defendant J. E. Farr wrote the postal card and the letter to which we have previously referred.

■ We proceed to a discussion of defendants' assignment that the trial court erred in excluding their evidence of limitation title.

If defendants' tender of proof be taken to be true, defendants have exhibited a limitation title under the 10 year statute to at least a part of the land in suit, and under their pleadings the trial court has necessarily committed reversible error in excluding the evidence tendered and in instructing a verdict in plaintiff's behalf unless the legal effect of defendants' evidence was avoided and that evidence made immaterial by any of the following matters:

(1) The postal card of May 27, 1939, and the letter of February 25, 1940: Plaintiff says that the card shows a promise by defendant, J. E. Farr, to pay plaintiff rent on the land, that the letter is an offer by said defendant to pay plaintiff rent on the land for the years 1939 and 1940, and that under Houston Oil Co. v. Pullen, Tex.Com.App., 272 S.W. 439, and related decisions, each of these instruments was such an acknowledgment of plaintiff's title as would break the continuity of defendants' possession. If correct regarding either instrument, the judgment must be affirmed, for the defendants' limitation period began on May 11, 1933, and ended on November 29, 1945, about 12½ years.

We overrule plaintiff's contention regarding each of these instruments because it was a question of fact, to be decided by the jury and not by the trial court, whether defendant J. E. Farr wrote either the card or the letter.

According to the evidence before us, J. E. Farr denied that he wrote the card. The trial court's finding to the contrary seems to be primarily based upon a comparison of certain signatures written by Farr on trial with the writing on the face of the card, but under Farr's denial this comparison was a matter for the jury.

■■ J. E. Farr admitted, while under examination by plaintiff's attorney as an adverse witness, that he wrote the letter of February 25, 1940. However, it appears from various items of proof tendered by defendants and excluded by the trial court that defendants offered to prove by J. E. Farr that he did not know Miller (the letter was addressed to M. E. Miller and was enclosed in an envelope directed to Kirby Lumber Corporation), that he had no recollection of having written Miller but had been told by one Hodges to write to Dudley Stone "about any transaction he wanted to have," that he has no recollection of having written the letter, "that he doesn't know whether the letter written was his or not, but that he has always claimed the place and has never admitted owing any rent," "that he has refused on numerous occasions to recognize the Kirby Lumber Company as the owner of the land" (defendants' tender of proof indicates that they identified Kirby Lumber Company with plaintiff Kirby Lumber Corporation), "that he has never admitted the Kirby Lumber Company owned said premises, that he never expected to pay any rent and has refused on numerous occasions to pay rent; that more than once the agents of (plaintiff) have sought (defendant J. E. Farr) to sign papers and that he has always refused and told them that he had been informed that the land was unknown land and that he claimed it, and if they had any right to it, get to it."

We think the tendered items so far modified J. E. Farr's previous admission as to deprive that admission of any conclusive effect. The rule determining what effect should be given a party's admissions against his interest, expressed in his testimony on trial, was stated in Stanolind Oil & Gas Co. v. State, 136 Tex. 5, 145 S.W.2d 569, and was strictly applied by this court in La Fleaur v. Kinard, Tex.Civ.App., 161 S.W. 2d 144, page 147. However, the party's right to modify such admissions or to retract them was recognized in the Stanolind case; and the Supreme Court has treated a party's inconsistent statements as raising

a question of fact for the jury, as has this court in two decisions. See Pearson v. Doherty, 143 Tex. 64, 183 S.W.2d 453; Foster v. Woodward, Tex.Civ.App., 134 S. W.2d 417, page 420; Peveto v. Herring, Tex.Civ.App., 198 S.W.2d 921, page 931. We also note the following statement in McMath Co. v. Staten, Tex.Civ.App., 42 S.W.2d 649, page 652: "While it is the general rule that a party plaintiff testifying in his own behalf as to the existence of a fact is absolutely concluded thereby, unless he makes a correction thereof giving some excuse of mistake, oversight, misunderstanding, *or lack of definite recollection,* this rule does not cover (the fact situation then before the court)." We hold that the tendered items of proof modified the previous admissions of J. E. Farr and converted the question regarding the authorship of the letter into a question of fact, and further, that the trial court had no discretion to refuse to receive at least this particular modification made by J. E. Farr of his previous admission.

(2) The acknowledgment of tenancy: This document is dated March 18, 1936. It covered all of the land in suit and was admittedly executed by defendants. It was filed for record on March 18, 1936 and was recorded on April 1, 1936, in volume 76, page 251 of the deed records of San Augustine county. It is before us only as an exhibit (not having been copied in the statement of facts or in the bill of exceptions) but it has been so identified in defendants' pleadings and in their tender of proof that we may disregard the irregular method whereby it was brought into this court. Defendants tendered proof to show that their signatures to this document were procured by a misrepresentation of its character to defendant J. E. Farr, namely, that it was an allotment for increased cotton acreage, made to said defendant by one presumably acting in behalf of Kirby Lumber Company, under circumstances tending to mislead J. E. Farr and thereby cause him to unwittingly acknowledge the title of Kirby Lumber Company.

According to this document, defendants "do hereby acknowledge that we are tenants at will of McDonald Meachum, Receiver of Kirby Lumber Company, a corporation of Houston, Texas, the owner of the above described tract of land, and we hereby agree to look after said land and protect same from trespassers so far as we can, it being understood that we do not own or claim any right, title or interest in any portion of said above described tract of land, except as tenants at will and by sufferance of said McDonald Meachum, Receiver of Kirby Lumber Company; and for the considerations aforesaid we and each of us do hereby release and quitclaim the above described tract of land unto said McDonald Meachum, Receiver of Kirby Lumber Company, his successors and assigns, forever."

The significant fact presented by this acknowledgment is that it was not made in favor of plaintiff Kirby Lumber Corporation, but was made in favor of Kirby Lumber Company, which we must assume to be a different corporation. Inferentially plaintiff Kirby Lumber Corporation is a successor in interest of Kirby Lumber Company, but about the only information we have regarding this succession is such as appears in the trial court's findings of fact. These findings refer to various proceedings in a receivership of Kirby Lumber Company, opened in 1934, and to proceedings in bankruptcy, apparently begun in 1936. According to the trial court, both the receivership and the bankruptcy proceedings were closed in December, 1936, with a discharge of Kirby Lumber Company. The trial court also found that plaintiff had record title to the land under a chain of conveyances, one, dated July 5, 1923, being a deed from Southwestern Lumber Company of New Jersey to Kirby Lumber Company, and the next in point of time being a deed from McDonald Meachum, trustee, Kirby Lumber Company and Southwestern Lumber Company of New Jersey to Kirby Lumber Corporation, dated July 14, 1936. This last conveyance of course was made almost four months after the date of the defendants' acknowledgment of tenancy.

While we have no evidence before us respecting any of these maters, we must either presume in support of the judgment that the title took the course which the trial court says it did, or else, that there was a conveyance of the land from Kirby Lumber Company to plaintiff, that this

transfer of title occurred after the acknowledgment of tenancy in favor of Kirby Lumber Company, and that thereby plaintiff did acquire the title to this land. Such an assumption as that last mentioned accords with the briefs of the parties, who treat the plaintiff as the owner unless defendants have a limitation title.

Defendants, however, have not tendered any proof showing that Kirby ought not to be protected against the adverse possession of defendants lying behind the acknowledgment of tenancy. The acknowledgment of tenancy made defendants out to be the tenants of Kirby Lumber Company, and one purchasing from Kirby Lumber Company would ordinarily refer the defendants' possession to the acknowledgment of tenancy. He could therefore assume that defendants were Kirby's tenants, and would take the land free of defendants' claims existing prior to the date of the acknowledgment. Smith v. Miller, 63 Tex. 72; Hamilton v. Ingram, 13 Tex. Civ.App. 604, 35 S.W. 748.

This rule is ordinarily applied only against interests in land which might be enforced, say, against the grantor of an innocent purchaser; but no reason is perceived why it may not be extended so as to protect the purchaser against an incomplete and partial adverse possession prior to an acknowledgment of tenancy by the possessor in favor of his grantor. An adverse possession ought not to vest title unless it reveals the adverse claim to the land, and the possession anterior to defendant's acknowledgment of tenancy (May 11, 1933 to March 18, 1936) was in effect covered up and concealed from plaintiff by the acknowledgment, or at least that is the prima facie effect of the record. Defendants must use this anterior possession to complete the 10 years of possession which their claim of title makes necessary, but to permit defendants to use this anterior possession against plaintiff would perpetrate an injustice against plaintiff. Perhaps a decision in plaintiff's favor seems to involve some injustice against defendants in that thereby they will be denied the right to correct the fraud perpetrated upon them, but as between plaintiff, the holder of the record title, and defendants, who are naked trespassers upon the land without benefit of any muniment of title, the decision must be in favor of plaintiff.

■ Further the burden of proof must lie upon defendants to show some valid reason why this protection ought not to be extended to plaintiff, as, for instance, that plaintiff actually knew of the fraud which defendants say was perpetrated upon them, or that plaintiff is to be identified with Kirby Lumber Company, its purported predecessor. We say this because defendants seek to defeat a title, or rather to show that they have acquired a title which they do not deny was once, and indeed, still is in existence unless their possession vested it in them; and they are bound to prove every fact which goes to show that they have acquired that title. This they will not do until they prove a reason for denying plaintiff protection against the possession they say they held prior to their acknowledgment of tenancy. We note that the holder of the unrecorded equitable title must, in a contest with a transferee of the legal title, show that said transferee had notice of his claims, etc. Teagarden v. R. B. Godley Lumber Co., 105 Tex. 616, 154 S.W. 973, and decisions cited therein. If such a burden is placed upon a holder of an equity or of an equitable title it ought also to be placed upon the limitation claimant.

■ Defendants have not met this burden of proof, even if their tender of evidence be taken to be true; and their evidence of limitation title and of fraud in procuring their execution of the acknowledgment of tenancy was therefore immaterial, since less than 10 years intervened between the date of said acknowledgment and the date this suit was filed.

■ There are various circumstances among the items of defendants' tendered proof which indicate that plaintiff discovered the adverse character of defendants' occupancy early enough for plaintiff to have filed suit against defendants within 10 years from the first day defendants occupied the land, and that plaintiff therefore could have protected its title against defendants' adverse possession despite any original reliance upon the acknowledgment

of tenancy. We think that these matters are immaterial for otherwise we would in effect be recognizing the existence of some sort of a duty owed to defendants by plaintiff, and we have not been able to perceive any basis for such a duty among the circumstances of this case.

The trial court's judgment is accordingly affirmed.

### On Motion for Rehearing.

Defendants motion for rehearing is before us.

■ (1) Defendants assign error to our consideration of certain Exhibits filed in the trial court.

We have before us six of these Exhibits. Four of them, namely, a postal card (Ex. P-34), a letter (Ex. P-35), the envelope originally enclosing this letter (Ex. P-35-B), and an acknowledgment of tenancy (Ex. P-28) were referred to in our opinion on original hearing. Two Exhibits, P-31 and P-33, were not referred to in that opinion. All six exhibits are certified by the Clerk of the trial court, and the authenticity of these Exhibits has not been questioned. We did not have before us on original hearing an order of the trial court directing the transmittal of these Exhibits to this court, and the lack of such an order seems to be the basis of defendants' complaint. See Rule 379, Texas Rules of Civil Procedure, which also authorizes this court to procure these Exhibits from the Clerk of the trial court if we want to see them.

Plaintiff has filed a reply to defendants' motion for rehearing, stating that the trial court did make an order, directing that these Exhibits be transmitted to this Court. This order was not in the transcript, but it appears from plaintiff's reply that plaintiff was not at fault in this matter.

We have procured from the clerk of the trial court a copy of the order referred to in plaintiff's reply. This order directs that all of the various Exhibits which we have listed above be transmitted to this Court. Under the circumstances, we hold that the aforesaid Exhibits are properly before us, to be given full consideration.

(2) Defendants say that our judgment is based upon the trial court's findings of fact. Defendants have misconstrued our opinion. We gave no effect to any of these findings. We did discuss the trial court's finding that defendant J. E. Farr executed the postal card (P-34), and we discussed the finding (which was also expressed in the judgment, as the basis of the instructed verdict) that defendant executed the letter (P-36), but we upheld defendants' contention that on this record it was a question of fact for the jury whether defendant Farr executed these documents. Defendants admit that they executed the acknowledgment of tenancy.

(3) We held that the trial court's exclusion of defendants' evidence of limitation title was not reversible error because: (a) We presumed in support of the trial court's judgment (because the statement of facts was incomplete and for no other reason) that after the acknowledgment of tenancy was made, plaintiff acquired the title to the land in suit from the corporation to which it may be said that defendants made their acknowledgment of tenancy, namely, Kirby Lumber *Company*. This acknowledgment was not made to plaintiff (Kirby Lumber *Corporation*); it was made to the receiver of what must be regarded on this record, because of a difference in names, as a different corporation. We have re-read the (partial) statement of facts; defendants did not show that the persons who procured the acknowledgment from defendants were acting for plaintiff, nor did they show that plaintiff was the same corporation as Kirby Lumber *Company*. (b) On the basis of this presumption, we held that defendants had the burden of proving some reason why plaintiff would not be protected against defendants' adverse possession prior to the acknowledgment of the tenancy, and this defendants did not prove. Defendants' tender of evidence was incomplete under these circumstances, and their evidence of limitation title was prima facie immaterial.

The motion for rehearing has been carefully considered, but we adhere to our original conclusions, and the motion is therefore overruled.